Jamison v. Burton.

## JAMISON v. BURTON.

1. **Intoxicating Liquors:** SALE TO MINOR. The sale of intoxicating liquors to a minor is within the prohibition of Section 1539 of the Code, notwithstanding the seller has no knowledge that the purchaser is a minor.

2. **Constitutional Law:** CONSTRUCTION OF STATUTE. In adopting the statute of another state, the construction given it by the courts of that state will be adopted here only so far as it is in harmony with the spirit and policy of our laws.

3. **Intoxicating Liquors:** ACTION FOR SCHOOL FUND: PLEADING. In an action under Section 1539 of the Code, for the benefit of the school fund, it is not necessary to allege in the petition that the seller knew the purchaser was a minor.

*Appeal from Van Buren Circuit Court.*

WEDNESDAY, JUNE 7.

ON the 14th day of May, 1875, the plaintiff filed before a justice of the peace a petition as follows: "Your petitioner, William Jamison, for the use of the school fund of Van Buren county, Iowa, claims of the above named defendant, Ed. F. Burton, the sum of one hundred dollars, as a penalty for the violation of section 1539 of the Code of Iowa, and for cause of such claim he avers that he is a citizen of Van Buren county, Iowa; that on or about the 29th day of April, 1875, and between the 10th day of April, 1875, and the 30th day of

April, 1875, the said defendant sold and gave away to one Horace Jamison, he then and there being a minor, certain intoxicating liquor, known as beer, in the city of Keosauqua, in said county, contrary to the statute in such case made and provided. Wherefore he prays judgment for the sum of one hundred dollars and costs of suit for the use of the school fund aforesaid."

Upon change of venue, the cause came before the mayor of the city of Keosauqua, when the defendant demurred to the petition as follows:

" 1. That the facts stated do not constitute a cause of action.

" 2. That said petition does not show or aver that the defendant had knowledge that said Jamison was a minor."

This demurrer was sustained, and, the plaintiff refusing to amend, judgment was rendered against him for costs.

The plaintiff sued out a writ of error from the Circuit Court, and the cause coming on for hearing thereon, the judgment of the mayor was affirmed. Plaintiff appeals.

*William Moore*, and *Williams & Work*, for appellant.

*Lea & Beaman*, for appellee.

DAY, J.—Section 1539 of the Code, upon which this action is based, is as follows:

" It shall be unlawful for any person to sell or give away, by agent or otherwise, any spirituous or other intoxicating liquors including wine or beer, to any minor, for any purpose whatever unless upon the written order of his parent, guardian, or family physician, * * * * and any person violating the provisions of this section shall forfeit and pay to the school fund the sum of one hundred dollars for each offense, to be collected by action against him and the sureties on his bond, if one has been given, by any citizen of the county."

The sole question presented by the demurrer, and involved in this case is, whether it is necessary, in an action under this statute, to allege in the petition that the defendant knew the person to whom he sold was a minor.

The act of which this section forms part is one for the pro-. hibition of the sale of intoxicating liquors.

Section 1523 places a general inhibition upon the sale of intoxicating liquors except as in the act provided. Provisions follow by which permits may be obtained to sell for mechanical, medicinal, culinary and sacramental purposes only. But for these purposes persons having permits cannot sell to all indiscriminately.

The section under consideration imposes a further restric-. tion. No sale shall be made to a minor, without the written order of his parent or guardian. The statute does not make the knowledge of the seller any part of the definition of the act which the statute prohibits.

And as there is a general inhibition upon the sale of intoxicating liquors, followed by a permission to sell under certain 1 INTOXICAT- circumstances to persons not minors, it would ING LIQUORS: sale to minor. seem to follow logically that a sale to a minor is a violation of the statute, and that the person selling must at his peril know that the person to whom he sells is authorized to buy. The business in which the liquor vendor engages is an unlawful business except under certain circumstances, and when he sells he assumes the burden of knowing that these circumstances exist. Want of knowledge is no excuse. This precise question was determined under a statute similar to ours by the Supreme Court of Wisconsin, in 1869. And it was held that the sale of intoxicating liquors to a minor is an offense, though the vendor does not know that the purchaser is a minor. *State v. Hatfield*, 24 Wis., 60, and cases cited.

That is a very strong case, for it was proved that the purchaser was six feet and one inch in height, and that the defendant, before letting him have the liquor, inquired whether he was of age, and received an affirmative answer.

The same question has quite recently been determined the same way by the Supreme Court of Illinois, after a full review of authorities. *McCutcheon v. The People*, Chi. Leg. News, 1874, p. 167, and authorities cited.

The only case to which we have been referred, announcing a contrary doctrine, is *Miller v. The State*, 3 Ohio St., 475.

But it is claimed that our statute is borrowed from the Ohio statute, and that we must follow the construction which the courts of Ohio have placed upon it, citing *Eldridge v. Kuehl*, 27 Iowa, 176. The same claim was made in *McCutcheon v. The People, supra*, and was in that case repudiated by the Supreme Court of Illinois. As early as 1841, the Supreme Court of Illinois adopted the rule that when a state enacts a statute of another state, it is presumed to adopt the construction which that statute has received, by a uniform series of judicial expositions, in the courts of the state from which it is taken. *Campbell v. Quinlin*, 3 Scam., 288. And subsequently it was held that where a statute is copied from one in another state, which has there received a construction which is consistent with the spirit and policy of our laws, such construction may with propriety be adopted by our courts. *Rigg v. Wilton*, 13 Ill., 15. Yet in *McCutcheon v. The People, supra*, the following language is employed: "The construction given to similar language in the Ohio statute cannot be regarded as being consistent with the spirit and policy of our laws, and therefore no presumption prevails that in adopting it the legislature also adopted the construction that had previously obtained in that state. By our laws, every indictment or accusation of the grand jury shall be deemed sufficiently correct, which states the offense in the terms and language of the criminal Code, or so plainly the nature of the offense may be easily understood by the jury."

*2. CONSTITUTIONAL law: construction of statute.*

And the court further say: "The presumption should rather be indulged, that the present statute was enacted in view of the existing laws as construed by the former decisions of this court. The latter is the more reasonable presumption, and we think should be adopted as being more consistent with the spirit and policy of our laws." The cases in 3 Scam., 288, and in 13 Ill., 15, are referred to in *Eldridge v. Kuehl*, 27 Iowa, 176, and they form the principal basis of the doctrine there announced.

The limitation that the construction by another state, of a statute of that state enacted here, will be followed only when

consistent with the spirit and policy of our laws, is eminently proper. For otherwise we could not avail ourselves of the legislative wisdom of other states, without introducing along with it incongruous and inharmonious judicial construction.

If the offense of selling intoxicating liquor to a minor had been declared an indictable offense, it would not have been necessary, under the law as here construed, to allege, that the defendant knew the person buying was a minor. An indictment is good, if it clearly charges all the facts and circumstances which constitute the offense under the statute. *Winfield v. The State*, 3 G. Greene, 339; *The State v. Hessenkamp*, 17 Iowa, 25; *The State v. Chambers*, 2 G. Greene, 308. If an allegation of knowledge would not have been necessary, if the statute had provided for the punishment of a violation of this section, by indictment, it follows, we think, that it cannot be necessary to allege such knowledge in a petition, under the statute, for the collection of the penalty prescribed.

3. INTOXICAT-ING liquors: school fund: pleading.

We have no doubt that the selling of intoxicating liquors to a minor constitutes the offense which the statute forbids, and that the knowledge of the seller, that the purchaser is a minor, is immaterial. When one sells intoxicating liquors, he must know at his peril whether or not a lawful sale can be made to the purchaser. The judgment is

REVERSED.