DUDLEY v. SAUTBINE.

1. **Intoxicating Liquors:** SALE BY AGENT. The sale by an agent of intoxicating liquors to a person in the habit of becoming intoxicated renders his principal liable therefor, notwithstanding he may have been expressly forbidden by the principal to sell to such person.

2. ———: SALE OF: IGNORANCE OF FACT. The seller is not excused from liability by his ignorance of the fact that the person to whom he sells is in the habit of becoming intoxicated.

*Appeal from Wapello Circuit Court.*

FRIDAY, DECEMBER 6.

THIS action was brought under section 1539 of the Code. Judgment was rendered against the defendant in favor of the school fund for three hundred dollars. The defendant appeals.

*Stiles & Burton,* for appellant.

*D. H. Emery* and *Wm. McNett,* for appellee.

ADAMS, J.—I. Section 1539 of the Code provides in substance, among other things, that it shall be unlawful for any

1. INTOXICA-TING liquors: sale by agent.

person, by agent or otherwise, to sell any intoxicating liquors, including wine or beer, to any person who is in the habit of becoming intoxicated, and that any person violating the provisions of the section shall forfeit and pay to the school fund one hundred dollars for each offense.

The evidence tended to show that the defendant was the owner of a saloon; that he employed one Wiltse to take charge of it and sell wine and beer; that he forbade Wiltse, however, to sell to persons who were in the habit of becoming intoxicated; that Wiltse, notwithstanding the prohibition, sold, on three different occasions, beer to a person who was in the habit of becoming intoxicated; and for such sales it

Dudley v. Sautbine.

is claimed that the defendant is liable under the statute above cited.

The court gave an instruction which is in these words: "If you find that the sales were made by his clerk or agent in charge of the saloon, and find that the defendant was engaged in selling wine or beer, then the defendant, under this statute, would be liable therefor the same as though the sales were made by himself, even if in violation and contrary to the instructions which the defendant gave him with reference to sales to such persons."

The giving of this instruction is assigned as error. It is insisted by the defendant that, as the sale of native wine and beer is not illegal, except to minors and intoxicated persons, and persons in the habit of becoming intoxicated, the presumption is that the person engaged in the traffic will so conduct his business as not to violate the law by selling in prohibited cases; and, if he positively forbids his agent to sell in the prohibited cases, and the agent disobeys, the act of the agent, in violation of both law and his employer's instructions, should not be considered as the act of the employer. The argument, briefly stated, is that the agent is employed for a lawful purpose, and no other. If he does an unlawful act, and especially if forbidden by his principal, he acts outside of his agency. And so it is argued that the statute which imposes a penalty for selling in the prohibited cases by agent has no application to this case.

We come, then, to the question as to whether the defendant can be considered as having sold the liquor in question, for, as we have seen from the provision of the statute, if he sold it the fact that he sold it by an agent would not constitute a valid defense. The defendant claims that he did not sell it. The question as to whether he did or not depends upon whether Wiltse was the defendant's agent in making the sales.

Wiltse was employed to sell wine and beer, and while it is true that, in one sense, he was not employed to sell to persons in the habit of becoming intoxicated, he was employed to deter-

mine who, among those applying to purchase, were in such habit, and to sell to persons who were not. We think, then, that the agent's fault did not consist in doing what was beyond the scope of his agency, but in doing improperly what was within it. Most certainly a principal cannot escape civil liability for his agent's negligence by instructing him not to be guilty of negligence.

It has been held, it is true, that a principal is not liable for a sale of liquor made by his agent contrary to statute, if made without the principal's knowledge or consent. *State v. Hipp*, 5 Blackford, 149. In that case a sale was made by an innkeeper's barkeeper to an intoxicated person, in violation of a statute prohibiting such sales. But we are not disposed to attach much importance to that decision as an authority in the present case. It seems to have been based upon *State v. Pennybaker*, 2 Blackford, 484, in which it was held that a sale of liquor made by a wife in the name of her husband who had no license, did not render him liable, the sale having been made without his knowledge or consent. But it will be seen that the principal involved in *State v. Hipp* is different from that involved in *State v. Pennybaker*. In the former case the barkeeper was employed to sell liquor to persons not intoxicated, and he was employed to observe and determine who among those desiring to purchase were not intoxicated. In the case where the wife whose husband was not licensed sold liquor, she did not merely fail in the proper discharge of her duty, but she acted entirely outside of her duty, for she was not employed to sell liquor at all. We must be permitted, therefore, to express a doubt whether the case of *State v. Hipp* is supported by the authority upon which it is based.

Furthermore, our statute expressly provides that a principal shall be liable for sales made by his agent; and while the question in the case at bar is as to whether the sales made by Wiltse should be considered as made by him as agent, he having been forbidden to sell to persons in the habit of

Dudley v. Sautbine.

becoming intoxicated, we think that the statute throws some light upon that question. The law imposes upon the vendor of wine and beer the duty of discriminating between persons who are in the habit of becoming intoxicated and those who are not, and provides in effect that if he employs an agent to make the discrimination, and to sell in cases not prohibited, and his agent sells in prohibited cases, he shall still be liable. The mere fact that the agent is forbidden to sell in prohibited cases does not determine that he is not to be regarded as agent if he does. The powers of the agent are not less by reason of his being forbidden. His duty, whether forbidden or not to sell in prohibited cases, is to make the proper discrimination, and to sell only in cases not prohibited. We may, then, throw out of consideration the fact that he was forbidden, and it results that under the provisions of the statute the principal must be held liable. This certainly must be so unless the principal's liability is limited to cases where the agent is employed with the understanding that he is to violate the statute. But we think that it is not so limited. Where a person employs another with the understanding that he is to commit a criminal offense in pursuance of his employment, the employer is guilty, independent of any statutory provision to that effect.

II. The defendant assigns as error the giving of an instruction in which the jury was told in substance that it was 2. ———: sale immaterial whether the defendant knew that the of: ignorance of fact. person to whom he sold liquor was in the habit of becoming intoxicated. It is insisted that without such knowledge there could be no guilty intent.

This doctrine finds support in *Stern v. State*, 53 Geo., 229; but such, we think, is not the law. In *Commonwealth v. Waite*, 11 Allen, 264, the defendant was indicted for selling milk mixed with water. It did not appear that the defendant knew that the milk was mixed with water, and so he claimed that he could not be convicted because it did not appear that he

had been guilty of any fraudulent intent. But the court said: "It is for the legislature to judge what reasonable laws ought to be enacted to protect the people against this fraud, and to adapt the protection to the nature of the case. They have seen fit to require that every person who sells milk shall take the risk of selling a pure article. No one is obliged to go into the business, and by using proper precautions any dealer can ascertain whether the milk he offers for sale has been watered." So it may be said that no person is obliged to go into the business of selling wine and beer, and by using proper precautions he can ascertain whether a person who applies to purchase is in the habit of becoming intoxicated. If he omits the use of proper precautions, and sells to such persons, the offense consists in the carelessness. No one, we presume, would claim that a person violating the game law could escape its penalties by pleading ignorance of the day of the month upon which he committed the act in violation of it. He is presumed to know the law, and must take notice at his peril when the time begins and expires during which the acts designed to be prohibited are declared unlawful. The general doctrine upon this subject is set forth in Greenleaf on Evidence, vol. 3, § 21. The author says: "Where a statute commands that an act be done or omitted which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems, will not excuse its violation." See, also, *Jamison v. Burton*, 43 Iowa, 282; *State v. Hatfield*, 24 Wis., 60; *Reg. v. Prince*, L. B. 2 C. C. R., 154; S. C., 13 Moak's Eng. Rep., 385.

We think that the judgment of the Circuit Court should be

AFFIRMED.

## ON REHEARING.

ROTHROCK, CH. J.—I. This cause has again been submitted to us upon a petition for rehearing.

It is elaborately argued by counsel for appellant that the rule of the opinion that the seller of wine and beer is bound to know at his peril whether the persons to whom he sells are within the prohibited classes, is erroneous.

We are aware that a different rule has been adopted in Indiana and Ohio, and possibly in other States, but, nevertheless, we see no reason to overrule the decision in *Jamison v. Burton*, 43 Iowa, 282, supported as it is by *State v. Hatfield*, 24 Wis. 60, and *McCutcheon v. The People,* Chicago Legal News, 1874, p. 167.

It is said by Professor Greenleaf, in vol. 3, § 21 of his work on evidence: "Thus, for example, when the law enacts the forfeiture of a ship having smuggled goods on board, and such goods are secreted on board by some of the crew, the owner and officers being alike innocently ignorant of the fact, yet the forfeiture is incurred notwithstanding their ignorance. Such is also the case in regard to many other fiscal, police, and other laws and regulations, for the mere violation of which irrespective of the motives or knowledge of the party, certain penalties are enacted; for the law in these cases seems to bind the party to know the facts, and to obey the law, at his peril.

II. The defendant asked the following instruction, which was refused: "You are further instructed that if you find the defendant had in his employ, as clerk in his establishment, one Springer, or other person, during a portion of the time alleged, and also find that he sold wine or beer to some one of the persons alleged within such time; and you should also find that such person to whom such sale was made was in the habit of becoming intoxicated, still this would not justify a verdict against the defendant, if you should find that such

sale or sales were made by said Springer, or other person, without the knowledge, acquiescence, or assent, but against the express direction, of the defendant."

It is insisted that this instruction means that if the jury should find that the defendant expressly directed his clerk not to sell wine or beer to the persons named in the complaint or information, then the defendant was not liable.

The rule of the foregoing opinion is that the defendant is liable notwithstanding he may have directed his clerk or agent generally not to sell to the classes of persons to whom sales are prohibited by the statute.    The rule claimed for the above instruction is that the defendant is not liable if he directed his clerk not to sell to certain specified individuals.    Conceding that the instruction bears the interpretation claimed for it, still we are of the opinion that the defendant would be liable.

The law expressly makes him liable for the acts of his clerk or agent in selling the wine or beer to the prohibited classes.    As we have held that he is liable to the penalty whether he knows the purchaser is one of a prohibited class or not, and that he acts at his peril, upon the same principle it must be held that he is responsible for the violation of the law by his clerk, whether he knew that the law was violated or not.    He is the owner of the establishment, and places a clerk in charge to sell his property, and he must at his peril see that no sales are made in violation of law.    In other words, the law holds him responsible for the acts of his clerk or agent, no matter what his private instructions may have been to his clerk.

Former opinion adhered to.