THE STATE v. WARD *and Certain Intoxicating Liquors.*

75  637
95  405
75  637
104  531

75  637
133  631

1. **Intoxicating Liquors:** ILLEGAL SALES BY PHARMACIST UNDER PERMIT: SEARCH-WARRANT. A pharmacist who has a permit to sell intoxicating liquors, but who sells them for purposes other than the legitimate and actual necessities of medicine, is subject to the utmost rigors of the laws relating to the unlawful sales of such liquors (Chap. 83, Laws of 1886), and his liquors may be seized under a search-warrant, as provided by section 1544 of the Code.

2. ———: SEARCH-WARRANT : SEIZURE BEFORE RECEIPT OF WARRANT: LEGALITY OF SUBSEQUENT PROCEEDINGS. An officer seized certain intoxicating liquors before any warrant therefor came into his hands, but he afterwards received a warrant which would have justified the seizure, and under it the liquors were retained, and, upon further proceedings, the owner appeared and defended, but the liquors were condemned. *Held* that, while the officer may have been guilty of a trespass in the first instance, that fact did not affect his right to hold the liquors after he received the warrant, nor the right of the court to proceed in all respects as if no trespass had been committed.

3. ———: ———: LIQUORS NOT IN DEFENDANT'S CUSTODY. It is no valid objection to the seizure and condemnation of liquors under a search-warrant, that they are not, when seized, in the custody of the person who afterwards appears and claims to be their owner, even though he be a registered pharmacist with a permit to sell such liquors.

4. ———: PHARMACIST WITH PERMIT: SEARCH-WARRANT PROCEEDINGS : RIGHT OF STATE TO APPEAL. Where the intoxicating liquors of a pharmacist holding a permit to sell were seized under a search-warrant, and it was proved (upon an appeal to the district court) that he made sales of such liquors to persons in the habit of becoming intoxicated, and the court instructed the jury, upon such proof, to find a verdict for the defendant, *held* that such instruction was erroneous, as matter of law, and that the state had a right to appeal to this court, under section 4539 of the Code, for the purpose of obtaining a "correct exposition of the law."

5. ———: ———: UNLAWFUL SALES: GUILTY KNOWLEDGE. A pharmacist with a permit to sell intoxicating liquors cannot escape liability for selling to a person in the habit of becoming intoxicated, on the ground that he was ignorant of such habit. (Compare *Dudley v. Sautbine*, 49 Iowa, 650; Code, sec. 1539; Laws of 1886, chap. 83).

The State v. Ward.

*Appeal from Polk District Court.* — Hon. Josiah Given, Judge.

Filed, March 8, 1888.

An information was filed before a justice of the peace, stating that certain intoxicating liquors were in a certain car of the Wabash Railroad Company, consigned to Hulbert, Hess & Co., and that they intended to sell the same in violation of law. A warrant was issued by the justice, and the liquors were seized by a constable, who made return of such fact to the justice. Notices were posted and given, as required by law, and, upon the day fixed for the hearing, the defendant, C. H. Ward, appeared and claimed that he owned the liquor, and he was made defendant. He pleaded not guilty, and a trial was had. Judgment was rendered by the justice condemning the liquor, and ordering it to be destroyed; whereupon the defendant appealed to the district court, where there was a trial before a jury. At the conclusion of the evidence introduced by the state, the defendant moved the court to instruct the jury to find for the defendant, on the ground that the state had failed to introduce sufficient evidence to warrant a conviction. This motion was sustained, the jury so instructed, and a verdict in accordance therewith returned; and the state appeals.

*Baker, Bishop & Haskins,* for appellant.

*Cole, McVey & Clark,* for appellee.

Seevers, C. J.—I. It is conceded that the defendant is a registered pharmacist, and that he had been granted a permit, as provided in chapter 83, Laws 1886, to sell liquors as and for medicine, and therefore counsel for the appellee contend that the liquor in question was not subject to seizure. Said chapter 83 provides "that nothing herein contained shall be so construed as to shield the person who in anywise abuses this trust, for the legitimate and actual necessities of medicine only,

1. Intoxicating liquors: illegal sales by pharmacist under permit: search-warrant.

from the utmost rigors of the law, now or hereafter in force, relating to intoxicating liquors." It is further provided in said chapter that a pharmacist can "sell intoxicating liquors for the actual necessities of medicine only." To do this he must obtain a permit, which is a personal trust reposed in the pharmacist. If liquor is sold for any other purpose than medicine which is actually necessary as such, the permit ceases to protect the pharmacist, and he is liable to the utmost rigors of the law in force at the time the unlawful sale is made. In determining the contention of counsel, it must be assumed that the defendant sold liquors for purposes other than as medicine, and, this being so, it necessarily follows that search may be made for and the liquor seized, which is owned by a pharmacist, as provided in section 1544 of the Code. If unlawful sales are made, it follows that the liquor is kept for an unlawful purpose, and a search-warrant may be obtained and the liquor seized, for the reason that the statute expressly so provides.

II. When the constable entered the car he had no warrant, and he seized the liquor therein, and removed a portion of it on a dray near the car before the warrant was placed in his hands ; and it is insisted that no search or seizure can be lawfully made, without first procuring a warrant authorizing it to be done. It is said, in the first place, that a search and seizure without a warrant cannot be made, because it is provided in section 8, article 1, of the constitution that the right of the people to be secure in their persons, papers and effects, against unreasonable searches, shall not be violated. This question was considered in *Santo v. State*, 2 Iowa, 165, and it was held that the statute was constitutional. The only difference between that case and this is that in the former the officer had in his possession a warrant when the search and seizure was made ; and it seems to us that, while the officer in this case may have been guilty of a trespass, yet, as the statute is constitutional, and it must be assumed, in the discussion of this question

2. —— : search-warrant : seizure before receipt of warrant : legality of subsequent proceedings.

that the liquor was kept and used for an unlawful purpose, and as a warrant was in fact procured, under which the officer had the custody of the liquor, the fact that the search and seizure may have been illegally made in the first instance would not authorize the court in directing the jury to find for the defendant; and especially is this true when the court was not asked to and did not proceed on this ground. There is a class of cases which, it is said, hold that where a person is by force, artifice or fraud brought into the jurisdiction of the court, he cannot be prosecuted for a crime when jurisdiction is thus obtained. There is a clear distinction between those cases and this. Here the liquor was within the jurisdiction of the court, and the defendant voluntarily appeared. No force, artifice or fraud was used to compel him to do so. It must be remembered that, if the liquor was brought into the state for any unlawful purpose, it was, under the statute, liable to be seized and condemned, and it is immaterial who had possession thereof when the warrant was placed in the hands of the constable; for under it the officer could lawfully seize the liquor.

III. It is further said that the liquor was not in the actual custody or possession of the defendant when it was seized by the officer. This is immaterial for the reason that, unless it was lawfully in the state, it was liable to be seized and condemned; and it was not lawfully here, unless the defendant had a permit which authorized him to own and keep liquors. It is true the defendant had such a permit; but this did not protect it from seizure if it was brought here for the purpose of being unlawfully sold.

IV. It is provided by statute that an appeal may be taken to the supreme court only for the purpose of obtaining a "correct exposition of the law" (Code, sec. 4539); and it is claimed that this appeal involves only a question of fact, and therefore the erroneous decision of the district court cannot be corrected, conceding

it to be such. For the reasons hereafter stated, we think the question involved in this appeal is one of law and not of fact.

V. The plaintiff introduced evidence showing that, on January 15, 19 and 28, 1887, the defendant sold to one Folsom one-half gallon of whiskey; and, on the second and twenty-second days of February, he sold to Folsom one quart of whisky; and, on the twenty-second of said month, he sold to said Folsom one-half gallon of whisky. The state also introduced evidence showing that, on January 27, 1887, the defendant sold one Henderson one-half gallon of whisky; and on the eleventh, twelfth, fifteenth, sixteenth, seventeeth, eighteenth, nineteenth, twenty-fourth and twenty-sixth of February, he sold Henderson one-half gallon of whisky; and, on the twenty-third of said month, the defendant sold Henderson one-half gallon of whisky on two different occasions. The state also proved that neither Folsom nor Henderson had a permit authorizing them to sell intoxicating liquors, and that they both were in the habit of becoming intoxicated. The whisky was obtained upon written or printed applications therefor. There was no evidence introduced contradictory to that introduced by the state. The liquor was seized by the constable on the eleventh day of February, 1887. Chapter 83, Laws 1886, provides that a pharmacist holding a permit " shall not accept an application (for intoxicating liquor) from a minor, or person in the habit of becoming intoxicated." This means that the pharmacist shall not sell intoxicating liquor to such a person. Section 1539 of the Code provides that it shall be unlawful for any person to sell "intoxicating liquor to any minor,  *  *  *  or any person who is in the habit of becoming intoxicated." Under this last statute it was held in *Dudley v. Sautbine*, 49 Iowa, 650, that the seller was not excused from liability by his ignorance of the fact that the person to whom he sells is in the habit of becoming intoxicated. It follows, therefore,

*5.* unlawful sales: guilty knowledge.

that the state was not required to prove such knowledge on the part of the seller. As there is no substantial difference between the provisions of chapter 83 and section 1539 of the Code, it follows that both should be construed alike. Both of these statutes make the sale the only thing requisite to the conviction of the seller. Guilty knowledge, or the intent and purpose of the seller, is immaterial, because the provision is that the pharmacist shall not sell to a person in the habit of becoming intoxicated. Whether a sale can be made to such a person for the actual "necessities of medicine," we have no occasion to determine, for the reason that, under the most favorable view that can be taken for the defendant, that was a question for the jury to determine. We therefore are of the opinion that the district court erred in directing the jury to find for the defendant.

REVERSED.