THE STATE V. THOMPSON.

| | |
|---|---|
| 74 | 119 |
| 90 | 152 |
| J90 | 159 |
| 74 | 119 |
| 95 | 405 |
| 74 | 119 |
| 104 | 531 |
| 74 | 119 |
| 108 | 163 |
| 74 | 119 |
| 110 | 627 |
| 110 | 628 |
| 74 | 119 |
| f111 | 39 |
| 74 | 119 |
| 133 | 631 |

1. **Intoxicating Liquors :** SALE BY PHARMACIST : NUISANCE : STATEMENTS IN APPLICATIONS NO EXCUSE. Where a pharmacist who has a permit to sell intoxicating liquors sells such liquors to minors and drunkards, he may be convicted of maintaining a nuisance, although such sales are made upon written applications signed by the parties and stating that they are neither minors nor drunkards. (Compare *State v. Sartori*, 55 Iowa, 340.) The pharmacy act does not relieve him from the utmost rigor of the law relating to the unlawful sales of liquors.

2. ———— : ———— : APPLICATIONS OF PURCHASERS AS EVIDENCE. Where a pharmacist, accused of the unlawful sale of liquors to minors and drunkards, introduced in defense the applications of purchasers, *held* that he could not afterwards have stricken from the evidence all applications the signatures to which had not been identified or prove l.

3. ———— : ———— : REPORTS OF SALES AS EVIDENCE. Also *held*, in such case, that the reports of sales made by the pharmacist, and signed and sworn to by him, were admissible as evidence against him, without proof of his signature.

4. ——— : ——— : BURDEN OF PROOF AS TO LAWFULNESS OF SALES. A pharmacist is bound to know whether the persons to whom he sells liquors are such as he may lawfully sell to ( *Dudley v. Sautbine*, 49 Iowa, 650 ); and the burden is on him to show that his sales are lawful. ( Compare *State v. Cloughly*, 73 Iowa, 626.)

5. **Criminal Practice** : SEALED VERDICT : JURORS ABSENT. Where on a trial for misdemeanor the parties agree to a sealed verdict, and when such verdict is received the defendant makes no objection that some of the jurors are absent, and does not demand that the jury be polled, he waives the error, if any, in receiving the verdict in the absence of some of the jurors.

*Appeal from Benton District Court.*—HON.
L. G. KINNE, Judge.

FILED, MARCH 9, 1888.

DEFENDANT was indicted and convicted of the offense of maintaining a nuisance by keeping a building, called a drug-store, for the sale of intoxicating liquors in violation of the statutes. He now appeals to this court.

*J. J. Mosnat* and *Geo. C. Scrimgeour*, for appellant.

*A. J. Baker*, Attorney General, for the State.

BECK, J.—I. The evidence shows that defendant was a registered pharmacist, and made many sales of

1. INTOXICATING liquors: sales by pharmacist: nuisance: statements in applications no excuse.

intoxicating liquors, upon applications admitted in evidence, signed by the purchasers, and delivered to him, all of which are in the form and language of the following, except as to names and quantities :

" Belle Plaine, Iowa, September 6, 1886.

" To Dr. W. W. Thompson, Reg. Ph. No. 2,223,

" I am over 21 years of age, and not in the habit of becoming intoxicated, and hereby apply for :

Amount :                Kind of Liquor :
1-2 Pt.                  Whiskey.

Which is to be used " only for the actual necessities of medicine.

" T. H. MILNER, Purchaser."

Original.

Dispensed by Dr. Thompson, Reg. Ph. No. 2,223.

It is satisfactorily shown that one of the sales, at least was to a minor, and others to persons in the habit of becoming intoxicated.

II.   Counsel for defendant insist that the court erred in admitting evidence showing the habits of intoxication or the minority of the purchasers.   Their position seems to be that, as defendant held a permit to sell intoxicating liquors, and it was sold upon the applications, one of which we have just set out, no intent to sell unlawfully was shown, and, therefore, the sale to inebriates or minors was not in violation of the law.   But defendant may be convicted of maintaining a nuisance by keeping a place with intent unlawfully to sell therein intoxicating liquors ( Code, secs. 1543, 1544 ) ; and the unlawful intent may be presumed from the unlawful sales. *State v. Sartori*, 55 Iowa, 340.   Were the rule otherwise, the very subterfuge of written applications of purchasers would enable pharmacists to violate the law without fear of punishment.

III.   Counsel argue that under the pharmacy statute defendant could not have " abused the trust " for the sale of intoxicating liquors confided to him,
<span style="float:left">THE SAME.</span>
unless he had knowledge of the habits of intoxication or of the minority of the purchasers.   But that statute does not relieve the defendant of the " utmost rigor of the law " prohibiting unlawful sales. If the sales are for unlawful purposes, he has no protection from the pharmacy statute, which hands him over to be dealt with under other statutes according to their "utmost rigor."   See *State v. Ward*, 36 N. W. Rep. 765.*   The question of the guilt of a pharmacist is to be determined under the statutes he violates, according to the rules applicable to other offenders.

IV.   It is insisted that the court erred in refusing to strike from the evidence all the applications for
<span style="float:left">2. ——: ——:<br>applications<br>of purchasers<br>as evidence.</span>
purchases the signatures whereof had not been identified or proved.   These papers were documents procured by defendant,

---

*[ The opinion in this case is reserved on petition for rehearing, and hence it is not yet officially reported.—REPORTER.]

upon which he attempted to justify his acts of selling ; he surely cannot dispute them. They constitute evidence which he attempted to make for himself ; he cannot dispute it. Whether the signatures are true or false, the applications were properly in evidence to show the facts upon which defendant bases his defense that the sales were lawfully made.

V. It is insisted also that the reports of defendant of the sales made by him, and his affidavits verifying

3. ——: ——: reports of sales as evidence.

them, ought not to have been admitted in evidence, for the reason that his signatures thereto were not proved. But, as these papers were filed by him in discharge of a duty imposed by law, they will be received in evidence as public records. Their character as public records requires that they be received without further proof. The defendant's name appears therein, and his signature is attached thereto. He is thus shown to be the identical man that executed them. When a paper executed by a party is introduced in evidence in a case,—civil or criminal,—he is identified by his name,—the only manner of identification required by the law. Of course, defendant could have shown, if such were the facts, that while his name is the same as that affixed to the documents, he is really not the same man. But no such thing was even suggested.

VI. The defendant, as we have seen, when on trial for the unlawful sales of intoxicating liquors to

4. ——: ——: burden of proof as to lawfulness of sales

inebriates or minors, cannot excuse himself on the ground of his ignorance of the fact that the persons to whom he sold were minors or inebriates. He was bound to know whether they were persons to whom he could sell lawfully. See *Dudley v. Sautbine*, 49 Iowa, 650, and cases therein cited. And the burden rested upon him to show that the sales were lawful. *State v. Cloughly*, 73 Iowa, 626. Instructions given to the jury complained of by defendant are in harmony with these views.

VII. The abstract shows that, after the cause had been submitted to the jury, they were authorized, by

5. CRIMINAL practice: sealed verdict: jurors absent.

consent of defendant and the state's attorney, to return a sealed verdict, which was afterwards done, and that all the jury were not present when the verdict was received. It is not shown that defendant demanded that the jury be polled, or objected when the verdict was filed, on the ground that all of them were not present. Counsel for the defendant now insist that the court below erred in overruling a motion for a new trial based upon the ground of the absence of the jury when the verdict was rendered. The practice, we think, generally prevails in this state to permit juries, in cases for misdemeanors, to return sealed verdicts upon consent of the defendant and the state. We think when such a verdict is delivered to the court, and opened when all the jury are not present, and no demand is made for the presence of all, or that the jury be polled, nor objections are made to the absence of the jurors, and no prejudice to defendant is shown, none will be presumed. Therefore, if it be conceded that there was error in receiving the verdict in the absence of the jurors, it was without prejudice, and is not the ground for reversal. By failing to object to the absence of the jurors, the defendant waived the error, and by failing to ask that the jury be polled, he cannot urge that he was deprived of any right, or that he sustained prejudice by reason of the absence of the jurors.

These views dispose of all questions in the case. We reach the conclusion that the judgment of the district court ought to be　　　　　AFFIRMED.