### STATE OF IOWA V. OLE VALURE, Appellant.

**Intoxicating Liquors.** It is no defense that the seller did not know the liquors to be intoxicating.

**Practice:** INAPPLICABLE CHARGE. An instruction which referred to the presence of alcohol in cider and to its effects is *Held*, not to have been prejudicial though there was no direct evidence of the presence of alcohol.

JURISDICTION ON APPEAL TO DISTRICT COURT is not defeated in a *criminal* case because the justice did not order a second trial for nine days, nor because he granted an adjournment for longer than three days. See Code, 4702-4703.

MISCONDUCT. There will not be a reversal because the county attorney stated, in opening, that defendant was convicted below.

*Appeal from Hamilton District Court.*—Hon. N. B. Hyatt, Judge.

Thursday, October 3, 1895.

The defendant was convicted in justice's court of selling intoxicating liquors without a permit, and appealed to the district court. He was tried in that court, and again convicted, and adjudged to pay a fine of fifty dollars and costs. From that judgment he appeals.—*Affirmed.*

*George Wambach* for appellant.

*Milton Remley*, attorney general, for the state.

Robinson, J.—I. On the twenty-third day of June, 1893, the trial of this cause was commenced in justice's court, and on the next day the jury, having failed to agree, was discharged, and the cause was continued to the third day of July, 1893. It is claimed that no record of the continuance was made by the justice at that time. On the day to which the case was adjourned the defendant appeared, and objected to the entry of a continuance alleged to have been made on that date, and requested a change of the place of trial, which was granted, and the cause was transferred to another justice, who continued the case, against the objection of the defendant, to the sixth day of July. On that day the defendant moved that the case be dismissed on the ground that the justice had no jurisdiction of the cause for reasons shown by the information. The motion was overruled, and a trial was had, with the result already stated. In the district court the defendant moved to dismiss the case on the ground that the justice before whom the defendant was convicted had no jurisdiction, and on the further grounds that the justice

in whose court the case was instituted has failed to record some of the actions at the time they were taken, and had not ordered a second trial until nine days after the first jury was discharged. The district court overruled the motion, and of that ruling the defendant complains.

The grounds of the motion to dismiss filed in the district court were not the same as the one made in justice's court, and the record does not show clearly that the allegations of fact upon which the former is based are true. By treating them as true, and the questions raised as properly presented in the district court, we must hold that the motion was rightly overruled. The correctness of the ruling must be determined by the law of this state. The alleged errors which were committed in justice's court were not of a character to affect any substantial right of the defendant. Section 4702 of the Code provides that when an appeal is taken from a justice's court in a criminal case the cause appealed shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, without regard to technical errors or defects which have not prejudiced the substantial rights of either party. The next section provides that no appeal from a justice's court shall be dismissed. Under these provisions the alleged failure of one of the justices to make proper and timely entries had no effect upon the rights of the parties after the appeal to the district court was taken. The authorities cited in support of the claim of the appellant on this branch of the case are from other states, and relate chiefly to civil cases.

II. It is urged that by adjourning the case more than three days without the consent of the parties, jurisdiction was lost by the justice, and the case of *Telegraph Co. v. Boylan,* 86 Iowa, 90 [52 N. W. Rep. 1122],

is relied upon as sustaining the claim. That case was a civil action, governed by section 3527 of the Code, relating to the practice in civil cases. It provides that under certain conditions the justice "may adjourn the cause for a period not exceeding three days." Section 3549 authorizes the justice to discharge the jury in a civil case, and, when that is done, requires him to issue a new precept for another, "to appear at a time therein fixed, not more than three days distant, unless the parties otherwise agree." But neither of these sections is applicable to trials in criminal cases. Section 4687 of the Code applies in such cases as this, and is as follows: "If the jury be discharged as provided in the last section the justice may proceed again to the trial in the same manner as upon the first trial and so on until a verdict is rendered." That does not prohibit an adjournment without the consent of parties for more than three days. Article 1, section 10, of the constitution of Iowa gives to the accused in criminal prosecutions the right to a speedy and public trial by an impartial jury; but what is a speedy trial must depend upon the circumstances of the case. It does not appear that the defendant made any objection to the adjournment in question, and it afforded no ground for the dismissal of the case by the district court.

III. The evidence authorized the jury to find that the defendant sold to different persons cider which was intoxicating. The defendant testifies that he purchased this beverage so sold as sweet apple cider, and did not know that it was intoxicating, and that he should be acquitted for that reason. The court charged the jury as follows: "A person offering any beverage for sale is bound under the laws to know whether the same was an intoxicating liquor or not, and, if he sell such liquor, he is presumed to

know what it contained." The statute provides a punishment for the act of selling intoxicating liquor, and does not make knowledge by the seller of the character of the liquor an element of the offense. If liquor which is in fact intoxicating is sold intentionally by one not having a permit, the offense provided for by the statute is committed. The following language, used in *People v. Roby*, 52 Mich. 577 [18 N. W. Rep. 365], is applicable: "Many statutes which are in the nature of police regulations * * * impose criminal penalties, irrespective of any intent to violate them; the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible." See, also, Black, Intox. Liq. section 418. The rule of these authorities has been applied to sales of intoxicating liquors to minors and to persons in the habit of becoming intoxicated, and it has been held that the seller is not excused from liability by his ignorance of the fact that the person is a minor, or a person in the habit of becoming intoxicated. *State v. Ward*, 75 Iowa, 641 [36 N. W. Rep. 765]; *State v. Thompson*, 74 Iowa, 121 [37 N. W. Rep. 104]. See, also, *Dudley v. Sautbine*, 49 Iowa, 650. We conclude that the instruction quoted was correct.

IV. The appellant complains of certain portions of the charge in regard to the presence of alcohol in the cider sold by the defendant, on the ground that the evidence did not show that it contained any alcohol, and that, therefore, the portions of the charge in question were not applicable to the case. No witness testified in terms that the cider sold by the defendant contained alcohol, although one witness was examined in regard to it. But it is a matter of common knowledge that fermented cider contains alcohol, and that alcohol intoxicates. The portions of the charge in question were evidently intended to refer to cider which contains the intoxicating principle. The

evidence to show that the cider sold by the defendant intoxicated those who drank it was direct and convincing; and, although the charge, in its references to alcohol, was not fully warranted by the evidence, yet it could not have been prejudicial to the defendant, and the judgment of the district court should not be reversed on account of it.

V. The appellant complains because the county attorney, in stating his case to the jury, told them that the defendant had been tried in justice's court, and there convicted, and that the case was being tried on appeal. This statement was of an introductory character, and merely informed the jury of facts which the record disclosed, and which they must have known if familiar with the law. Without holding that the county attorney is in all cases entitled to state and comment at length upon facts which appear in the record, we conclude that what was said in this case was not in any respect prejudicial to the defendant. We fail to discover any reason for reversing the judgment of the district court, and it is therefore *affirmed.*