FLORENCE C. FIELDING, for the Use of, Etc., v. TUNIS J. LA GRANGE, A. VANSLIKE, JAMES W. RIDENOUR, and RICHARD JOHNSON, Appellants.

**Intoxicating Liquor:** SALES TO MINORS. The honest belief of defendant, justified by appearances, is not a defense to an action under Code 1873, section 1539, to recover a penalty for selling intoxicating liquor to a minor.

**Evidence:** DECLARATIONS: *Impeachment.* Declarations of one not a party to a suit can only be used to impeach his credibility as a witnesses, and not as substantive proof of matters in issue.

RULE APPLIED. Statements by the alleged minor when he purchased the liquor that he was not a minor, are admissible to impeach him as a witness in an action by a third person, under Code, 1873, section 1539, to recover a penalty for selling intoxicating liquors to a minor, but are not substantive evidence on that question, and do not authorize its submission to the jury in the absence of other evidence thereon.

EXCLUSION: *Harmless error.* The exclusion of a question asked plaintiff in an action under Code 1873, section 1539, to recover a penalty for selling intoxicating liquor to a minor, whether she had not stated that she intended to get after defendant for some money, or that she expected "to pull his leg," is not prejudicial, even if erroneous.

DIRECTED VERDICT. It is not error to direct a verdict for plaintiff in an action for the statutory penalty for selling liquor to a minor, where the minority of the purchaser, which was the only question in issue, was testified to by two unimpeached witnesses, and the only evidence that he was not a minor was the statements he signed when he purchased the liquor, in which he claimed he was of age.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

THURSDAY, JANUARY 27, 1898.

ACTION at law to recover the statutory penalty for selling intoxicating liquor to one Otto H. Fielding, a minor. Defendant La Grange pleads that he is a registered pharmacist, holding a permit, and denies that he made sales as claimed. The case was tried to a jury, and at the conclusion of the evidence, plaintiff moved for a verdict in the sum of seven hundred dollars. This motion was sustained and judgment entered upon the verdict. Defendants appeal.—*Affirmed.*

*Cato Sells, Matt Gaasch,* and *T. H. Milner* for appellants

*Whipple & Zollinger* and *W. C. Connell* for appellee.

DEEMER, C. J.—Appellant attempted to show that from inquiries made; and from the general appearance of Otto Fielding he was justified in believing that he (Fielding) was of age. The statute upon which the action is predicated (Code 1873, section 1539) absolutely inhibits the sale of liquor to a minor for any purpose whatever, and we have frequently held that the seller is bound, at his peril, to know whether the person to whom he sells is within the prohibited class. Good faith is no defense. *Dudley v. Sautbine,* 49 Iowa, 650; *State v. Ward,* 75 Iowa, 641; *Jamison v. Burton,* 43 Iowa, 282; *State v. Thompson,* 74 Iowa, 119.

II. Mrs. Fielding was asked, on cross-examination, if she had not stated that she expected to get after La Grange for some money, or that she expected to "pull his leg." Objection to the question was sustained. We think the ruling was correct. It is apparent that she has attempted to "get after" La Grange for some money. In any event, the ruling was without prejudice.

III. Complaint is made of the court's ruling on the motion to direct a verdict. It is argued that there was a conflict in the evidence, and that the case should have been submitted to the jury. The sales were admitted by the defendant, and the only question remaining was as to the age of the buyer. He, his father, and his mother testified that he was a minor, and there was no substantive evidence to contradict this positive testimony. True, Otto signed statements, when he purchased the liquor, to the effect that he was not a minor. But these statements were admissible for impeaching purposes alone. Declarations of one not a party to a suit can only be used for that purpose. They go to the credibility of the witness, and do not, of themselves, furnish substantive proof of the matter in issue. If we discard Otto's evidence entirely, there yet remains the uncontradicted evidence of two witnesses, who were unimpeached, that the buyer was a minor when he purchased the liquor. With nothing to contradict this evidence, the trial judge was justified in sustaining the motion and directing the verdict.—AFFIRMED.