THE STATE v. DOUGLASS.

1. **Intoxicating Liquors:** UNLAWFUL SALE BY PERSON HOLDING PERMIT: NO CRIMINAL LIABILITY. Section 1540 of the Code contains the only provision under which a party can be punished criminally for the act of *selling* intoxicating liquors contrary to law; and by the express language of that section it is made applicable only to persons not holding a permit. Accordingly, in this case, it is *held* that a person holding a permit could not be prosecuted upon information for selling liquors to minors and intoxicated persons, and to persons in the habit of becoming intoxicated, though he might be answerable upon an indictment for nuisance.

*Appeal from Tama District Court* — HON. L. G. KINNE, Judge.

THURSDAY, OCTOBER 27.

AN information was filed before a justice of the peace, in which defendant was accused, in different counts, of 97 offenses against the statute for the suppression of intemperance.    Upon a trial to a jury, he was convicted on 48 counts

and a separate judgment imposing a fine was pronounced against him upon each of said counts. He appealed to the district court from 47 of said judgments. When the cause came on for trial in the district court, it was stipulated by the parties that, at the time the several sales charged in the information are alleged to have been made, the defendant was a registered pharmacist, and held a permit from the board of supervisors for the sale of intoxicating liquors for lawful purposes. The district court thereupon excluded the evidence offered by the state in support of the information, and withdrew the cause from the jury, and entered an order discharging the defendant, and taxing the costs to the state. From that order the state appeals.

*A. J. Baker, Attorney-general,* for the State.

*C. B. Bradshaw* and *S. C. Leland,* for appellee.

REED, J.— Defendant is accused of selling intoxicating liquors to minors, and to intoxicated persons, and to persons who were in the habit of becoming intoxicated; also of selling liquors to be used as beverages. The district court ruled that, as he held a permit from the board of supervisors for the sale of intoxicating liquors for the purposes for which they were allowed to be sold, he could not be tried upon an information for these acts, but that he was answerable only upon indictment for nuisance. The question in the case, then, is whether a person who holds a permit for the sale of intoxicating liquors for lawful purposes is punishable criminally for sales made by him for unlawful purposes. This question depends upon the construction and effect which should be given to certain sections of the statute for the suppression of intemperance.

Section 1523 of the Code is as follows: "No person shall manufacture or sell, by himself, his clerk, servant, or agent, directly or indirectly, any intoxicating liquors, except as hereinafter provided. * * *" Section 1526 provides

The State v. Douglass.

that any citizen of the state, except those belonging to certain enumerated classes, may buy and sell such liquors for medicinal, mechanical, culinary and sacramental purposes only, provided he shall first obtain permission from the board of supervisors of the county in which the business is to be conducted. The following sections, up to and including 1538, relate to the manner of obtaining such permit, and impose certain regulations of and restrictions upon the business of selling under the permit. Section 1539 forbids the sale of liquors by any person to any minor or intoxicated person, or to any person who is in the habit of becoming intoxicated, and imposes a penalty for sales to such persons Section 1540 is as follows: "If any person not holding such a permit, by himself, his clerk, servant, or agent, shall, * * * directly or indirectly, sell * * * any intoxicating liquors to any person, he shall for the first offense be deemed guilty of a misdemeanor, and, on conviction for said offense, pay a fine of not less than fifty or more than one hundred dollars, and stand committed to the county jail until such fine is paid. * * * "

Sales of liquors to the classes of persons enumerated in section 1539 are not, by the terms of that section, declared to be misdemeanors, and the penalty imposed by it can be enforced only by civil actions at the suit of a citizen of the county. Section 1542 prescribes a penalty for owning or keeping intoxicating liquors with intent to sell the same, contrary to law, and makes the act a misdemeanor, triable, for the first offense, on information; and section 1543 makes the keeping of a building or place in which intoxicating liquors are sold contrary to law, or are kept for sale contrary to law, a misdemeanor, triable by indictment. Section 1540, however, contains the only provision under which a party can be punished criminally for the act of selling intoxicating liquors, but, by the express language of that section, it is made applicable only to persons "not holding such a permit." It is to the acts of persons of that class that the penalties prescribed

are made to attach. The sale of intoxicating liquors, by a
person holding a permit, for any other purpose than those
enumerated in section 1526, is clearly forbidden; and it is
remarkable, perhaps, that no penalty should have been pre-
scribed for the doing of that act. Persons holding permits,
however, are subject to the penalties prescribed by sections
1542, 1543, for owning or keeping liquors with unlawful
intent, and for keeping or maintaining a place in which such
liquors are sold, or kept for sale, unlawfully. And the fact
that they had sold such liquors unlawfully would in either
case be competent and satisfactory evidence that they kept
the liquors for an unlawful purpose. As the statute expressly
subjects them to these penalties, and also in express terms
attaches the penalties prescribed by section 1540 to the act
of selling by persons not holding such a permit, the conclu-
sion is irresistible that it was not the intention of the legis-
lature that they should be punished criminally for the act of
selling unlawfully. The contrary intent cannot fairly be
gathered from any of the provisions of the statute. This is
the view adopted by the district court, and on which the order
appealed from is based.                         AFFIRMED.

1. **Intoxicating Liquors:** UNLAWFUL SALE BY PERSON HOLDING
   PERMIT: NO CRIMINAL LIABILITY. (*State v. Douglass, ante,* p. 279,
   followed.)