## THE STATE v. SALTS.

1. **Grand Jury:** INDICTMENT BY VOTE OF FOUR: CONSTITUTIONALITY. Pursuant to an amendment to the constitution adopted in 1884, providing that "the grand jury may consist of any number of members not less than five, nor more than fifteen, as the general assembly may by law provide," the Twenty-first General Assembly (chap. 42) provided that in counties having a population of sixteen thousand, or less, the grand jury shall be composed of five members, and, in counties having a larger population, of seven members; also that when the grand jury is composed of five members, an indictment may be found by the concurrence of four, and when composed of seven members, by a concurrence of five. *Held* that this last provision was not unconstitutional on the ground that it authorized an indictment to be found by less than the smallest number of which the grand jury could be composed, which was not allowable under the common law and the constitution before the adoption of said amendment. (Compare *State v. Ostrander*, 18 Iowa, 435.)

2. **Indictment:** STATING PLACE OF CRIME. While it is the better practice to allege the venue by express averments in the body of the indictment, it is still sufficient, under section 4305 of the Code, if by reference to the caption it is made clearly to appear that the offense was committed within the jurisdiction of the court. (See opinion for illustration.)

3. **Liquor Nuisance:** BY REGISTERED PHARMACIST HOLDING PERMIT: CODE, SECTION 1540. In section 1540 of the Code, providing that "if any person not holding *such* permit * * * sell * * * any intoxicating liquor," etc., the permit referred to is that provided for in the preceding sections, viz., a permit granted by the board of supervisors for the sale of intoxicating liquors for certain enumerated purposes, and not to the permit of a registered pharmacist to sell for the actual necessities of medicine only, granted under chapter 83, Laws, 1886. Hence sales by a registered pharmacist for any other purpose than the actual necessities of medicine are as certainly forbidden and made punishable by section 1540 as are sales by persons having no authority to sell for any purpose; and the keeping of a place where such sales are made is prohibited and declared a nuisance by section 1543. (*State v. Douglas*, 73 Iowa, 279, *distinguished.*)

*Appeal from Adams District Court.*—HON. JOHN W. HARVEY. Judge.

VOL. 77—13

FILED, SEPTEMBER 6, 1888.

.DEFENDANT was convicted of the crime of nuisance, and the court pronounced judgment against him, imposing a fine, and from that judgment he appeals.

H. T. Dale, for appellant.

A. J. Baker, Attorney General, and Burg. Browne, County Attorney, for the State.

REED, J.—I. The indictment was found after the taking effect of chapter 42, Laws Twenty-first General Assembly. Adams county having a population of less than sixteen thousand, the grand jury therein, under the provisions of the act, is composed of five members, and the grand jury which found this indictment was composed of that number. Defendant demurred to the indictment, alleging that the statute under which the grand jury was organized is in conflict with section 11, article 1, of the constitution. The particular provision of the article which it is claimed the act infringes is the following : " And no person shall be held to answer for any higher criminal offense, unless on presentment or indictment by a grand jury, except in the army or navy, or in the militia when in actual service in time of war or public danger." Before the taking effect of the act the grand jury was composed of fifteen members ; that number being prescribed by the statutes then in force. But, before the adoption of the amendments to the constitution, which were adopted by the people of the state at the general election in 1884, it could not have been constituted with less than twelve members ; for at common law a grand jury must consist of that or some greater number, not exceeding twenty-three, and it is to a tribunal thus constituted that the provisions of the constitution then in force referred when they spoke of a grand jury. The words, "a grand jury," as they

*1. GRAND jury: indictment by vote of four: constitutionality.*

occurred in those provisions, were used in the sense and with the meaning given them by the common law. It was also a rule of the common law that, when a grand jury consisted of but twelve members, an indictment could not be found without the concurrence of all of the members; and, when composed of a greater number, that number at least must concur; and this rule requiring the concurrence of twelve grand jurors, before an indictment could be found, was preserved by our statutes. The amendment to the constitution, adopted in 1884, provides that "the grand jury may consist of any number of members, not less than five nor more than fifteen, as the general assembly may by law provide, or the general assembly may provide for holding persons to answer without the intervention of a grand jury." The act in question provides that, "in counties having a population of sixteen thousand inhabitants or less, the grand jury shall be composed of five members; and, in counties having a population of more than sixteen thousand inhabitants, it shall consist of seven members. It is this latter provision which it is claimed is in violation of the provision of the bill of rights quoted above (section 11, article 1). The argument is that the inherent principle of the common law is that an indictment can only be found by the concurrence of at least the smallest number of which the grand jury can consist, and that this principle was necessarily included in the constitution when the system was adopted, and is neither abolished nor modified by the amendment; and hence, as the constitution now fixes five as the smallest number of which the tribunal can consist, the provision that an indictment may be found upon the concurrence of four jurors is in conflict with it. If counsel's premises should be conceded, his conclusion would follow logically and necessarily. But we think the premises are not sound.

The reason of the rule that at least twelve grand jurors must concur in the finding of an indictment is not in the fact that that was the smallest number of which the tribunal could be composed. If that were

true, it would have followed that, if the general assembly, as it might have done, had designated thirteen or fourteen as the smallest number of which the grand jury should consist, all must have concurred. For the amendment of 1884 is a limitation only as to the maximum and minimum numbers that may be adopted, and it empowers the general assembly to adopt any number within the limits prescribed; and, when any number within those limits is prescribed by statute, it at once becomes the smallest number of which the body can be composed. But, further than this, it would have been competent for the general assembly, before the amendment, to fix any number between eleven and twenty-four as the smallest number of which the grand jury should be composed; for the rule, which by implication became a part of the constitution, fixed only the maximum and minimum numbers, and left with the general assembly the power to adopt any number within those limits. Now, if the argument is sound, it would have followed, if that course had been pursued, that all the members of the body must have concurred in the finding of an indictment; for the number prescribed would have been the smallest of which it could legally be composed. But the reason of the rule had relation to the number twelve, and not to the fact that that was the smallest number of which the grand jury could be composed. Under the common law, no man could be subjected to punishment for crime until twelve of his neighbors and peers had concurred in an accusation against him, and a like number had by their verdict pronounced him guilty upon that accusation, and the rule is but the expression of that principle. But it is modified by the amendment of 1884. The rule that the accusation must be concurred in by twelve men is swept away, and it may be made by a grand jury of such number, within the prescribed limits, as the general assembly may designate, or the party may be held to answer without the intervention of a grand jury. The idea that there must be unanimity in the presentment in

The State v. Salts.

any case is nowhere expressed in the constitution ; and the rule which formerly required such unanimity, when the grand jury was composed of but twelve members, having been swept away, it cannot be ingrafted upon the instrument by implication or construction, but the whole subject of the manner of the presentment is left to the general assembly. But little light is thrown upon the subject by the adjudicated cases. Our conclusion, however, is supported by the reasoning in *State v. Ostrander*, 18 Iowa, 435.

II. Another objection alleged by the demurrer is, the indictment does not allege that the offense was committed within the jurisdiction of the court.

2. INDICTMENT: stating place of crime.

The caption of the indictment is as follows : "The grand jury of the county of Adams, in the name and by the authority," etc., "accuse A. J. Salts of the crime of keeping a nuisance, committed as follows." This is followed by a statement of the facts constituting the offense. It is alleged that on the first of March, 1887, in the county aforesaid, the defendant did "then and there own, keep, control, use and manage," etc. ; but the place at which the offense was committed is not otherwise designated. It is provided by section 4305 of the Code that "the indictment is sufficient, if it can be understood therefrom (1) * * * (2) * * * (3) that the offense was committed within the jurisdiction of the court, or is triable therein ; (4) * * * (5) * * * (6) * * *." The words, "did there and then own," etc., as used in the indictment, have reference to the time and place before spoken of. From these words, and what precedes them, it can be understood that the offense was committed in Adams county, at the time designated. While it would certainly be better practice to allege the venue by express averments in the body of the indictment than by reference to the caption, under the provision quoted, the indictment cannot be held bad because of such omission.

III. The indictment is under section 1543 of the Code. It was admitted on the trial that defendant was

**8. LIQUOR nuisance : by registered pharmacist holding permit : Code, sec. 1540.**

a registered pharmacist during the time covered by the indictment. The jury, however, were warranted by the evidence in finding that, during that time, he had made many sales of intoxicating liquors to persons who were in the habit of becoming intoxicated. Also that he made some sales that were unlawful for other reasons. The court instructed the jury that, under his permit, he was authorized to sell intoxicating liquors for the legitimate necessities of medicine, but for no other purposé. Also that he was required by the statute to reject all applications for such liquors which he had reason to believe were not made in good faith ; and that, if he made such sales to persons who intended to use the liquors purchased as a beverage, and he had good reason at the time to believe that such were the intentions of the purchaser, the sales were unlawful. The court also gave the following instruction :  " Before you can find the defendant guilty, you must be satisfied, from the evidence, that in the county of Adams and state of Iowa, and subsequent to the fourth day of July, 1886, and prior to the finding of the indictment, he kept, used or occupied the building mentioned in the indictment, and that he kept for sale or sold therein intoxicating liquors, in violation of law, in manner as alleged in the indictment."   The objection urged against this instruction is that under it the jury were warranted in convicting the defendant upon proof merely that he had made sales of intoxicating liquors in his place of business for unlawful purposes.   Counsel's position is that, while a registered pharmacist may commit the crime of nuisance by keeping intoxicating liquors in his pharmacy or place of business with intent to sell the same for unlawful purposes, the mere act of selling unlawfully does not give to the place the character of .a nuisance.   The argument in support of that position is based upon the phraseology of the statute.   Section 1543 provides that, " in cases of the violation of the provisions of the three preceding sections, or of section

1525 of this chapter, the building or erection of whatever kind, or the ground itself in or upon which such unlawful manufacture or sale, or keeping with intent to sell, * * * is carried. on, is hereby declared a nuisance; * * * and whoever shall erect, or establish, or continue, or use any building, erection or place for any of the purposes prohibited in said sections, shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly. * * *"
There was no evidence which tended to show that defendant had violated the provisions of either section 1525 or section 1541. Section 1542 forbids the keeping of intoxicating liquors by any person with intent to sell the same contrary to the provisions of the statute, and prescribes the punishment which shall be imposed for violations of that provision. Section 1540 prohibits the sale of such liquors by any person not holding the permit provided for by the preceding sections. The argument is that as, by its terms, section 1543 prohibits the keeping of places in which the business forbidden by the other sections is carried on, it has no relation to acts or persons not contemplated by those sections; and, consequently, as section 1540 only forbids and prescribes the punishment for sales of liquors by persons not holding permits, such sales, by persons holding permits, do not render the places in which they are made nuisances, even though the sales are for unlawful purposes.

The soundness of this argument may be admitted, and yet the result sought by counsel would not follow. The language of section 1540 is: "If any person not holding such permit, by himself, his clerk, servant or agent," etc. The permit there referred to is that provided for in the preceding sections of the same chapter, viz., a permit granted by the board of supervisors for the sale of intoxicating liquors for certain enumerated purposes. Now, defendant did not. hold a .permit of that character. Nor did he acquire the right to make sales of liquors for any purpose under the provisions of that chapter. But the right to make such sales, for the "necessities of medicine," was conferred upon the class

to which he belongs by a statute subsequently enacted (chapter 83, Laws, 1886). That statute creates an exception in the case of registered pharmacists, in that it authorizes them to sell intoxicating liquors for medicine without having obtained a permit from the board of supervisors, but forbids them absolutely to make sales for any other purpose. Hence sales by them for any other purpose are as certainly forbidden, and made punishable, by section 1540, as are sales by persons having no authority to sell for any purpose; and the keeping of a place where such sales are made is prohibited by section 1543. In *State v. Douglas*, 73 Iowa, 279, we held that a person holding a permit from the board of supervisors, for the sale of intoxicating liquors, could not be punished for the act of selling in violation of his permit. That conclusion was based solely upon the phraseology of section 1540. The case does not support counsel's position.

Exception was taken to several rulings of the court on the admissibility of evidence offered by the state. The questions are not regarded of special importance, and we deem it sufficient to say that the rulings appear to us to be correct. We have not found in the record any grounds for disturbing the judgment.

AFFIRMED.

SUPPLEMENTAL OPINION ON REHEARING.

[FILED, FEBRUARY 9, 1889.]

REED, C. J.—After the foregoing opinion was filed, defendant filed a petition for rehearing, in which our attention was called to an apparent inaccuracy of statement in the third paragraph of the opinion. It is there stated that the right to sell intoxicating liquors as a medicine was conferred upon registered pharmacists by chapter 83, Acts, 1886, and that they were not required to obtain permits before engaging in the business. The language of the opinion is capable, perhaps, of a broader meaning than was intended. What was meant is that they were not required to obtain permits under the statutes formerly in force, and which continued in force as

to all applicants for permission to sell intoxicating liquors for other purposes than as a medicine. But they are required by the express provisions of the enactment of 1886 to obtain permits from the board of supervisors before engaging in the business. This, however, does not detract from the argument of the opinion; for if it be conceded that the construction of section 1540 of the Code contended for by counsel is correct, and that it exempts persons holding the permits there referred to from the penalties prescribed by section 1543 for keeping or maintaining a place where intoxicating liquors are sold or kept for sale contrary to law, it does not aid defendant, for he does not belong to the class exempted. He does not hold the permit there referred to, but the one held by him is of a different character, and was issued under a different statute; and, if he sells for any other purpose than as a medicine, his case is covered by the general provision of section 1543. As to such sales, he is in the same condition as one holding no permit at all. The petition for rehearing will therefore be

OVERRULED.