Elwood v. Price.

## ELWOOD V. PRICE.

1. **Intoxicating Liquors : ILLEGAL SALES BY REGISTERED PHARMA-CIST : KNOWLEDGE : EVIDENCE.** The evidence in this case considered (see opinion), and *held* to show that the defendant, a registered pharmacist, not only made illegal sales of intoxicating liquors himself, but that he must, as a reasonably intelligent man, have known of such illegal sales made by his clerk, notwithstanding his claim to the contrary.

2. —— : **NUISANCE : INJUNCTION : PRIOR CESSATION.** In such case where the illegal sales had been continued for years, but the clerk, whom the defendant claimed was alone guilty, had been discharged a few weeks before a suit to enjoin the nuisance was begun, and no other change in the business was shown, *held* that the action could not be defeated on the ground that no nuisance existed when the action was co mmenced, especially as there was evidence tending to show illegal sales by defendant himself after the discharge of the clerk. (See opinion for cases followed and distinguished).

*Appeal from Howard District Court.*—HON. C. T. GRANGER, Judge.

FILED, SEPTEMBER 10, 1888.

On the sixth day of March, 1887, the plaintiff filed his petition in this cause, in which he charges that defendant has established and is now maintaining on lot 4, in block 4, Park addition to Cresco, in Howard county, a place for the illegal sale of intoxicating liquors; that defendant has heretofore sold and continues to sell in said place intoxicating liquors as a beverage, and owns intoxicating liquors which are kept in said place for the purpose of sale; that defendant is a registered pharmacist, and has a permit from the board of supervisors of Howard county authorizing him to buy and sell intoxicating liquors as such pharmacist for the actual necessities of medicines only; that defendant is abusing his trust as a pharmacist, and is keeping a nuisance in the place named.

Plaintiff asks that the nuisance be abated, and that defendant be enjoined from keeping and selling intoxicating liquors. Defendant denies all the allegations of the petition excepting so much as alleges that he is a pharmacist holding a permit of the board of supervisors. The case was tried to the court, and a decree rendered for the abatement of the nuisance and the. closing of the building in which the business was carried on, as provided by law. Defendant appeals.

*John McCook* and *C. Wellington*, for appellant.

*W. K. Barker* and *H. T. Reed*, for appellee.

ROBINSON, J.—I. Defendant's permit to sell was issued on the eighteenth day of June, 1886. The evidence convinces us that intoxicating liquors have been sold in defendant's place of business for years contrary to law. Most of the sales proven were made after the eighteenth day of June, aforesaid. Sales were made frequently, and to numerous persons, including minors and persons in the habit of becoming intoxicated, for use as a beverage. The violations of law shown were gross and persistent. We do not understand counsel for appellant to seriously deny that this is true. If we understand their claim, it is that, although there may have been illegal sales, yet they were made without the knowledge or consent, and contrary to the instructions, of defendant, by a clerk named Meyers. The evidence shows that more illegal sales were made by Meyers than by defendant, but it also shows that the business was mainly conducted under the personal supervision of defendant. Much of the liquor sold was drank on the premises. In some cases applications for liquors were made on forms approved by the commissioners of pharmacy; but a large share of these were signed with fictitious names, although the persons so signing were well known. In a number of cases two or more sales of from half a pint to a pint of whisky in each case were

<span>1. INTOXICATING liquors : illegal sales by registered pharmacist: knowledge : evidence.</span>

made to the same person on the same day. In several
instances larger quantities were sold. The illegal busi-
ness was carried on in such a manner that no one in the
position occupied by defendant, possessed of ordinary
intelligence and business tact, could have been ignorant
of it, or of such facts as would have charged him with
notice. The monthly reports which were made and filed
with the county auditor contained abundant information
to put defendant upon inquiry, if he was really ignorant
of the facts. But we are satisfied, not only that he
knew of the illegal sales, but that he made some of
them. It is true that he swears that he never permitted
any one to drink liquors on the premises, and that he
never kept for sale, nor sold contrary to law, any intox-
cating liquors during the time in question, and that he
did not know of such sales by Meyers. His testimony
is, however, contradicted by a very decided preponder-
ance of the evidence.

II. Counsel for appellant state that "the princi-
pal question to be determined is, did the nuisance
sought to be enjoined exist at the com-
mencement of this action?" They insist
that before the decree sought by plaintiff
can be rendered it must be made to appear
that the nuisance actually existed when the action was
commenced, or that it is being maintained. Section 12,
chapter 143, Acts Twentieth General Assembly, contains
this language: "Any citizen of the county where such
nuisance exists or is kept or maintained may maintain
an action in equity to abate or perpetually enjoin the
same." Section 1, chapter 66, Acts Twenty-first General
Assembly, makes it the duty of the county attorney,
"when any such nuisance exists," to prosecute an
action for its abatement. Section 2 of the same chapter
makes it the duty of the proper court or judge in cer-
tain cases to grant an injunction, if it be made to
appear "that such nuisance actually exists, or is being
maintained." It is argued from these provisions that it
was improper to issue an injunction, or render a decree
of abatement in this case, because it is alleged that the

2. ——: nui-
sance: in-
junction:
prior cessa-
tion.

evidence shows no illegal sale made after the nineteenth day of February, 1887, and therefore that no nuisance is shown to have existed on the sixth day of the next month, when this action was commenced. The case of *Shear v. Brinkman*, 72 Iowa, 698, is cited by counsel as supporting their views. But the facts in that case were that the illegal business was carried on in leased property, and that the owner, upon being informed that illegal sales of liquors were being made, caused the tenant to be notified that he must not sell any liquor in the leased building, and he ceased to make such sales prior to the commencement of the suit. New leases were made, but no illegal sales were shown to have been made under the new leases, nor after the tenant stopped selling under the old one. There was nothing tending to show a want of good faith in these proceedings. The facts justified the court in finding that the illegal traffic had been abandoned, and the nuisance abated, before the action was commenced. The same principle was involved in the case of *Drake v. Kingsbaker*, 72 Iowa, 441. In this case defendant does not claim to have changed his business, but denies that it was or is illegal. The only change shown is the discharge of Meyers on the nineteenth day of February, 1887. In the absence of satisfactory evidence we cannot presume that an illegal business which had been carried on for years was abandoned two weeks before the petition was filed, because a clerk who had assisted in the business was at that time discharged. There is, however, direct evidence that illegal sales were made by defendant after Meyers left, and after this action was commenced. The facts of this case bring it within the rule announced in *Judge v. Kribs*, 71 Iowa, 183. We conclude that the decree of the district court is sustained by the evidence. It is therefore

AFFIRMED.