## THE STATE v. HUFF.

1. **Intoxicating Liquors** : UNLAWFUL SALE BY PHARMACIST : CERTIFICATES OF SALES AS EVIDENCE. On the prosecution of a registered pharmacist for the unlawful sale of intoxicating liquors, where certain papers offered by the state showed upon their face that they were the certificates used by the defendant, and they were identified by the witnesses whose signatures they bore as certificates upon which they had purchased liquors from the defendant, as testified by them, *held* that, though not shown to be public records, they were competent as corroborating the witnesses, and as in the nature of admissions by the defendant.

2. **Practice** : CONTENTION AS TO TESTIMONY : RECALLING WITNESSES. Where there was a misunderstanding between the court and counsel as to what the witnesses had testified to on a certain point, it was proper to allow them to be recalled for further examination on that point.

3. ——— : MOTION TO DIRECT VERDICT : PRESENCE OF JURY AT HEARING. When counsel take the chances of moving for a verdict by direction of the court, they have no right to require that the jury be sent out while the motion is heard, to avoid the effect of the possible overruling of the motion.

4. **Intoxicating Liquors** : ILLEGAL SALES BY PHARMACIST : PROVINCE OF JURY. On the prosecution of a registered pharmacist for the unlawful sale of liquors, it is for the jury to determine, from the frequency of the sales to the witnesses, from their appearance as men requiring intoxicating liquors for medicine, and whether bought with or without the prescription of a physician, whether the sales were made in good faith for the actual necessities of medicine.

5. **Instructions** : AS TO EFFECT OF EVIDENCE. It is not error for the court in an instruction to state what the testimony shows on a certain point, when it does so show without dispute.

6. ——— : ERROR CURED BY EVIDENCE. An error in an instruction is no ground for complaint on appeal, when it is apparent that under the evidence no prejudice could have resulted therefrom.

7. **Intoxicating Liquors** : UNLAWFUL SALE : EXCESSIVE FINE. A fine of five hundred dollars *held* not to be an excessive punishment for the unlawful sale of intoxicating liquors by a registered pharmacist.

The State. v. Huff.

8.  Criminal Law: FIXING PUNISHMENT: MATTERS NOT IN RECORD:
    NEW TRIAL. Without determining whether it is proper for the
    trial judge to advise himself as to matters not disclosed in evidence
    as an aid in fixing punishment, it is at all events not ground for a
    new trial, but rather for an application to reduce the punishment.

*Appeal from Harrison District Court.*—HON. C. H.
LEWIS, Judge.

FILED, DECEMBER 19, 18°8.

THE defendant was indicted, tried and convicted of
maintaining a nuisance by unlawfully keeping and
selling intoxicating liquors in a certain building. He
appeals.

*Dewell & McGavren,* for appellant.

*A. J. Baker,* Attorney General, for the State.

ROTHROCK, J.—I.   It appears that the defendant
was a registered pharmacist, and held a permit from the
board of supervisors of Harrison county, by which he
was authorized to sell intoxicating liquors for the actual
necessities of medicine. The state introduced certain
witnesses to sustain the indictment, and in the course
of their examination called their attention to a number
of certificates, showing the purchase of liquor of the
defendant, with the signatures of the witnesses attached.
The witnesses were examined as to the genuineness of
their signatures, and they admitted the same to be cor-
rect, with the exception of some two or three. There
was no doubt that the certificates were taken by the
defendant. They purported to dispense the liquor "by
J. W. Huff, Reg. Ph., No. 2,493." It was not shown
by the state where the certificates were obtained by the
public prosecution, and the witnesses stated that they
did not remember that they bought the liquor covered
by the certificates to which the genuine signatures were
attached. They were offered in evidence, and admitted
over defendant's objection, and the state rested its case.
Thereupon the defendant's counsel intimated a purpose

to make and file a written motion to direct a verdict for the defendant, upon the ground that there was no evidence upon which the jury could convict. There was a colloquy between the court and counsel in the case, in which the court stated that the witnesses did not appear to remember the fact of having made the purchases as stated in the certificates. Counsel for the state claimed that the witnesses testified to making the purchases, and counsel for defendant contended that they did not so testify. The court then stated that, to avoid any question, the witnesses might be recalled. This was done, and each witness admitted that he had made the purchases as stated in the certificates. It is contended in behalf of the defendant that it was error to admit the certificates, because they were not shown to be public records. It is true, there was no such showing, but they were not introduced as public records. They showed on their face that they were the certificates used by the defendant, and when they were identified by the witnesses as certificates upon which they purchased liquors from the defendant, they were competent evidence corroborating the witnesses, and evidence in the nature of admissions by defendant that he had made the sales of which they purported to be certificates. It is further contended that the court erred in suggesting that the witnesses might be recalled to identify the sales purporting to have been made upon the certificates. There was no error in this. There was a misunderstanding between the court and counsel as to what the witnesses testified to upon the subject, and it was perfectly proper for the court to make the suggestion, in order that an intelligent and just decision of the question could be made.

Complaint is made that this all occurred in the presence of the jury. There was no valid objection to this. When counsel take the chances of moving for a verdict by direction of the court, they have no right to require that the jury be sent out while the motion is being heard. They

1. INTOXICATING liquors : unlawful sale by pharmacist : certificates of sales as evidence.

2. PRACTICE : contention as to testimony : recalling witnesses.

3. ——: motion to direct verdict : presence of jury at hearing.

The State v. Huff.

must take the chances which the effect of overruling the motion may have upon the jury; and the point that the motion should have been sustained does not appear to us to be well taken. It was for the jury to determine, from the frequency of the sales to the witnesses, from their appearance as men requiring intoxicating liquors for medicine, and whether bought with or without the prescription or order of a physician, whether the sales were made by the defendant in good faith, for the actual necessities of medicine. And there was evidence tending to show that one Bradley had made a purchase of liquor of the defendant, and the sale was not registered by the defendant.

4. INTOXICATING liquors: illegal sales by pharmacist; province of jury.

II. Complaint is made because the court, in its charge to the jury, used the following language: "The testimony shows that the defendant, from time to time, prior to the finding of the indictment herein, sold at his place of business in this county intoxicating liquors, such as whisky and alcohol." It is said this was erroneous, because it was for the jury to determine whether the sales were made. The language complained of was perfectly proper, in view of the evidence in the case. Courts ought to be conducted with reference not only to the rules of law, but of common sense. They are supposed to be counterparts. In view of the fact that the defendant was authorized by law to sell intoxicants for the actual necessities of medicine, and the undisputed evidence that he had made sales, it would have been farcical for the court to solemnly charge the jury to inquire and determine whether sales were actually made. The only question in the case proper to be submitted to the jury was whether the sales were made by the defendant in good faith, for the actual necessities of medicine. Further it is claimed that the court erred in directing the jury to find whether all the liquors sold by the defendant within three years next preceding the finding of the indictment were sold for the actual necessities of medi-

6. ——: error
cured by
evidence.

cine. It is said this covers a period of time before the taking effect of the law under which the defendant was indicted. There was no error in this, because it appears that all the sales of which there was evidence, were made after the law took effect. Other objections were made to the charge to the jury. They do not appear to us to require special mention. We think there was no prejudicial error in any of the instructions.

III. The penalty inflicted upon the defendant was a fine of five hundred dollars. It is claimed that the punishment is excessive. We do not so regard it.

7. INTOXICATING
liquors:
unlawful sale:
excessive
fine.

Complaint is also made that the judge, in affixing the sentence, stated that he had examined the certificates filed in the auditor's office for eight months preceding the finding of the indictment, and had considered the number and amount of sales as thus shown in fixing the

8. CRIMINAL
law: fixing
punishment:
matters not
in record:
new trial.

punishment. Without determining whether it is proper for the trial judge to advise himself as to matters not disclosed in evidence as an aid in fixing the punishment, it is very manifest that, if unwarranted, it is not the ground for a new trial. The act does not inhere in the case so as to demand a new trial. It may be the ground of an application to reduce the punishment as excessive. But there seems to be no ground for such interference by this court in this case. We have no hesitancy in allowing the judgment to stand upon the evidence introduced on the trial.                    · AFFIRMED.