STATE OF IOWA v. FRED ODER, Appellant.

LIQUOR NUISANCE BY PHARMACIST ESTABLISHED.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge

WEDNESDAY, DECEMBER 12, 1894.

INDICTMENT for nuisance in the sale of intoxicating liquors. Verdict of guilty, and a judgment, from which the defendant appealed.—*Affirmed.*

*Phillips & Phillips* for appellant.

*John Y. Stone*, attorney general, and *Thos. A. Cheshire* for the state.

GRANGER, C. J.—I. The defendant is a registered pharmacist, and the indictment charges that he kept, with intent to sell, and did sell, intoxicating liquors, in violation of law. It is urged that the verdict of guilty is without support in the evidence. We think that the verdict is warranted. It is quite a plain case of a purpose to carry on a business of selling intoxicating liquor as a beverage under the license or permit of a registered pharmacist. The evidence very conclusively shows that the store was a place resorted to at night for the purpose of drinking; that there was much drunkenness about the place—much noise; and that people came there at night from 10 to 12, and sometimes as late as 1 o'clock. Sometimes hack loads would drive there late at night, and the drinking was carried on in a back room, and in a manner entirely inconsistent with a legitimate course of dealing by a pharmacist. There is some dispute as to whether applications were signed at all times for purchases, as required by law. The evidence tends strongly to show that they were not, and that evasive methods were resorted to in the way of obtaining applications signed at other places. It does appear in evidence that the defendant was not generally there at night, when most of the drinking was done, but he was there some, and the testimony shows that he knew of the illegal sales. There is no reason why we should disturb the verdict for want of evidence to support it.

II. A Dr. Tobey was a witness for the state, and he testified as to one Newell having been to see him at his drug store to make arrangements with him for applications signed by one Lucas, who was a witness for the state, and testified as to having bought liquor of defendant without

signing an application; the purpose being to use the blanks obtained from Tobey as applications made to defendant, and thus make a showing of legality in the sales to Lucas. Complaint is made of Tobey being permitted to testify as to his conversation with Newell in the absence of the defendant. The admission of the testimony does not seem to be erroneous, for it appears that the witness Tobey and the defendant afterward had a conversation in which the defendant complained to Tobey for his not proving a friend to him, as he supposed him to be, and informed Tobey, in substance, that he had the blanks signed at another place. It is true that, in this conversation with defendant, Newell's name was not mentioned, but the inference is quite unmistakable that the conversation referred to the refusal to have the blanks signed on Newell's application to him for that purpose. This recognition of Newell's authority to act for defendant was sufficient to render the proof of the conversation between Tobey and Newell competent. It may be true that this fact as to Newell's authority did not appear until after some of the testimony was admitted, but when the fact became apparent it rendered any otherwise erroneous ruling without prejudice.

Some other complaints are made as to the rulings on admitting evidence, but we discover no prejudicial error, and the judgment is AF-FIRMED.