STATE *ex rel* P. J. McCLORY *vs.* E. I. DONOVAN.

Opinion filed May 31, 1901.

**Motion to Correct Irregular Judgment.**

A judgment irregularly entered in violation of established procedure may be attacked by a motion addressed to the court entering it. But the remedy by motion is confined to irregular judgments, and cannot be resorted to for the purpose of enabling a court to revise and correct errors of law.

**Liquor Nuisance—Sales by Druggist.**

A place kept by a druggist who has a permit to sell intoxicating liquors becomes a common nuisance, under the provisions of section 7605, Rev. Codes, when such druggist sells intoxicating liquors therein unlawfully, and without the protection afforded by his permit.

**Constitutional Safeguard Against Self Criminating Evidence Not Applicable.**

The record of sales which druggists holding permits are required to keep by section 7596, Rev. Codes, is competent evidence to show the names of persons to whom sales were made, the kind and quantity of liquor sold, the date of sale, and purpose for which sold. Such records are public records. *Held,* that it was not error to permit the introduction of such records in evidence over defendant's objection that the contents thereof might tend to criminate him. The provision of section 13 of the state constitution that no person shall be compelled "in any criminal case to be a witness against himself" will shield a witness against the production of private books and papers, but that protection does not extend to public records, such as those required to be kept by section 7596, Rev. Codes.

### Sale by Druggist to Habitual Drunkard.

A druggist holding a permit to sell intoxicating liquors is prohibited, by section 7597, from selling to persons who are in the habit of becoming intoxicated. It is not material whether he knows of such habit. He sells at the peril of the fact, whatever it may be.

### Sale After Notice—Distinct Offense.

Section 7616, Rev. Codes, which prohibits sales by druggists to persons whose relatives have served the notice therein provided, describes a separate and distinct offense, and the same is consummated by a sale after notice, whether such person is in the habit of becoming intoxicated or not.

### Party in Interest Must Raise Question of Constitutionality of Statute.

Courts will not inquire into and determine the constitutionality of statutory provisions at the instance of parties who are not interested or affected by such provisions.

Appeal from District Court, Cavalier County; *Fisk,* J.

Action by the state, on the relation of P. J. McClory, as assistant attorney general, against E. I. Donovan. Judgment dismissing the action, and both parties appeal.

Reversed.

*Bosard & Bosard,* for appellants.

An action to abate a nuisance will lie against a registered pharmacist holding a permit to sell intoxicating liquors. *State* v. *Mc-Gruer,* 84 N. W. Rep. 363; *State* v. *Webber,* 39 N. W. Rep. 286; *State* v. *Mullenhoff,* 37 N. W. Rep. 329; *State* v. *Davis,* 24 Pac. Rep. 73; *Holtenford* v. *State,* 89 Ind. 282; *State* v. *Blair,* 34 N. W. Rep. 432; *State* v. *Thompson,* 37 N. W. Rep. 104; *State* v. *Oeder,* 45 N. W. Rep. 543. The seller is bound to know at his peril whether the person to whom he sells liquor is in the prohibited class, good faith being no defense. *Commonwealth* v. *Perry,* 148 Mass. 160, 19 N. E. Rep. 212; *State* v. *Thompson,* 37 N. W. Rep. 104; *Hall* v. *Cown,* 79 N. W. Rep. 274; *McCoy* v. *Clark,* 81 N. W. Rep. 159; *Fielding* v. *LaGrange,* 73 N. W. Rep. 1039; *State* v. *Ward,* 36 N. W. Rep. 726;*Dudley* v. *Sustbine,* 49 Ia. 650; *Jamieson* v. *Burton,* 43 Ia. 282.

*Templeton & Rex,* for respondent.

Special provisions in a statute made strictly applicable to a certain class of persons is exclusive and limits general provisions of the statute which might include such class in the absence of such special provisions. *Stokes* v. *People,* 114 Ill. 320; *State* v. *Cornell,* 74 N. W. Rep. 432; *Felt* v. *Felt,* 19 Wis. 208; *Richardson County* v. *Miles,* 16 N. W. Rep. 150; *Crane* v. *Reider,* 22 Mich. 322; *State* v. *Piper,* 41 Mo. App. 160; *State* v. *McArmally,* 66 Mo. App. 392; *State* v. *Goff,* 70 Mo. App. 295; *State* v. *Polland,* 72 Mo. App. 230; *State* v. *Wittey,* 74 Mo. App. 550. If the remedy prescribed by § 7605, Rev. Codes, applies against druggists holding permits, then this section is void as in conflict with the fourteenth amendment

to the Federal Constitution. *Mugler* v. *Kansas,* 123 U. S. 623, 31 L. Ed. 205; *State* v. *Beswick,* 13 R. I. 211; *Board of Commissioners* v. *Merchant,* 103 N. Y. 143. If § 7605 is applicable to druggists holding permits it conflicts with § § 13 and 18 of the State Constitution, providing that no person shall be compelled to be a witness against himself, or be deprived of life, liberty or property without due process of law, and prohibiting unreasonable searches and seizures. *Councilman* v. *Hitchock,* 142 U. S. 547, 35 L. Ed. 1110; *Ex parte Cohen,* 38 Pac. Rep. 364; *People* v. *Forbes,* 143 N. Y. 219; *Boyd* v. *United States,* 116 U. S. 616, 29 L. Ed. 746. Under § 7616, Rev. Codes, knowledge of the habits of the purchaser can be set up as a defense by a druggist. Notice is necessary and can be given by the person designated, and the purchaser must in fact be in the habit of becoming intoxicated. *Tate* v. *Donovan,* 143 Mass. 590; *Kennedy* v. *Saunders,* 142 Mass. 9; *Engle* v. *State,* 97 Ind. 122; *Geraghty* v. *State,* 110 Ind. 103; *State* v. *Smith,* 122 Ind. 178. It was necessary for the plaintiff to set forth in his complaint the facts constituting the violation of law. *State* v. *Martin,* 18 S. W. Rep. 1005. Plaintiff having failed to prove the sale alleged, his case must fail. *State* v. *Neil,* 45 Pac. Rep. 623; *State* v. *Reynolds,* 47 Pac. Rep. 573; *State* v. *Watson,* 50 Pac. Rep. 959; *State* v. *Knoby,* 51 Pac. Rep. 53. The evidence does not establish that at the time of the sales the purchasers were in the habit of becoming intoxicated. *Zeizer* v. *State,* 47 Ind. 129; *Dolan* v. *State,* 122 Ind. 141, 17 A. & E. Enc. L. (2 Ed.) 343; *Knickerbocker* v. *Froley,* 105 U. S. 350, 26 L. Ed. 1053; *Mahone* v. *Mahone,* 19 Cal. 627.

YOUNG, J. This action was instituted in the District Court of Cavalier county by the state, upon relation of P. J. McClory, assistant attorney general, to abate a liquor nuisance kept and maintained by the defendant in a building situated upon lot 3, in block 22, in the city of Langdon, in said county, in violation of § 7605, Rev. Codes, which is a part of Chap. 63 of the Penal Code, prohibiting unlawful dealing in intoxicating liquors. Said section, so far as pertinent, reads as follows: "All places where intoxicating liquors are sold, bartered or given away, in violation of any of the provisions of this chapter, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this chapter, are hereby declared to be common nuisances; and if the existence of such nuisance is established either in a criminal or equitable action, upon the judgment of a court or judge having jurisdiction, finding such place to be a nuisance, the sheriff, his deputy or under sheriff, or any constable of the proper county or marshall of any city where the same is located, shall be directed to shut up and abate such place," etc. The complaint, in its language, is identical with that set out in the opinion in *State* v. *McGruer,* 9 N. D. 566, 84 N. W. 363, save as to the names of the parties and description of the

property, and reference is here made to such complaint in lieu of an extended statement. It is sufficient to state that the complaint avers all of the statutory grounds which render such places nuisances under § 7605, supra. It also alleges that the defendant owns and operates the place in question, and the further fact that he holds a druggist's permit, issued by the county court of said county; but alleges that his acts in and about the sales of intoxicating liquors have been and are in violation of his permit, and in violation of law. The answer admits the ownership and occupancy of the building, but denies all unlawful acts. This case was tried and determined at the same time *State* v. *McGruer,* supra, was tried and determined, and by the same judge. Here, as in the McGruer case, the findings of fact made and filed by the trial court judge sustain the allegations of the complaint, and here, as in that case, the court found as a conclusion of law that the action "should be dismissed, for the reason that a civil action cannot be maintained against druggists holding permits under § 7605 of the Rev. Codes of this state." Judgment was rendered and entered dismissing the action. Both parties have perfected appeals to this court. The state appeals from the judgment, and asks that the same be reversed, and that the District Court be directed to enter judgment in accordance with the prayer of the complaint, enjoining and abating said nuisance, upon the ground that the findings of the trial court, which are embraced in the judgment roll, show that the place complained of is a common nuisance, and that plaintiff is legally entitled to such relief. The defendant, on the other hand, challenges the findings of fact in his appeal, and, for the purpose of securing a review of the same, has caused a statement of the case to be settled containing all of the evidence offered, and a demand for a review of the entire case in this court. The questions involved in both appeals are largely similar. They will, therefore, be considered together.

At the outset the point is made by defendant's counsel that the judgment of which the state complains cannot be interferred with on this appeal, for the reason, as he contends, that the proper remedy to correct the same, under a former decision of this court, is by a motion in the trial court, and not by appeal to this court. This contention cannot be sustained. It is true, a remedy is offered by a motion addressed to the trial court in cases where judgment has been entered irregularly, and not in accordance with established procedure, and such remedy is better adapted to furnish speedy relief than the slow process of appeal. 1 Black, Judgm. § 326; *Gaar, Scott & Co.* v. *Spaulding,* 2 N. D. 414, 51 N. W. 867. The remedy by motion, however, is available only in case of irregular judgments, and cannot be resorted to as a means of enabling the trial court to review, revise, or correct errors of law into which it may have fallen. "That a judgment is erroneous as a matter of law is ground for appeal, writ of error, or certiorari, according to the case, but is no ground for setting aside the judgment on motion." 1 Black, Judgm,

§ 329, and cases cited. Counsel rely upon *Prondzinski* v. *Garbutt,* 9 N. D. 239, 83 N. W. 23. That was a case of an irregular entry of judgment, the irregularity consisting in an entire absence of findings, or of a waiver of the same. The remedy by motion was, therefore, proper. In the case at bar it is not claimed that the judgment is irregular. The sole contention of the state is that the conclusion of law of the trial court is erroneous. Such errors, as we have seen, are not reviewable upon a motion addressed to the trial court.

The question is next presented whether the present action is maintainable against a druggist holding a permit. This question was fully considered by this court in *State* v. *McGruer,* supra, and we there held that § 7605, Rev. Codes, above quoted, applies to places kept by druggists holding permits. The views we expressed in that case remain unchanged. So far as we are able to learn, no court of last resort has held otherwise under the same or similar statutes. The reasoning of all authorities available support our conclusions. In *State* v. *Davis,* 44 Kan. 60, 24 Pac. 73, it was held, under a similar statute, that a pharmacist who sells in violation of his permit may be enjoined for maintaining a nuisance. In the course of its opinion the court used this language, which is directly applicable to the contention made by defendant's counsel in the present case: "It is said that his place of business may not be declared a nuisance, and shut up and abated, because he has a right under the law to sell for medical purposes, and that he should be allowed to continue the sale for such purposes. A sufficient answer to that position is that he has no right to sell for medical purposes unless he sells for medical purposes according to law; and, if he does sell according to law, his business will not become a nuisance, and will not be in any danger of abatement." The proposition that a permit to make sales of intoxicating liquors in accordance with law affords no protection or immunity from liability, civil or criminal, for sales made without authority of law, should not require the citation of authority to sustain it. The following cases, however, will be found in point: *State* v. *Courtney,* (Iowa) 35 N. W. 685; *State* v. *Ward* (Iowa) 36 N. W. 765; *State* v. *Thompson,* (Iowa) 37 N. W. 104; *State* v. *Mullenhoff,* (Iowa) Id. 329; *State* v. *Noel,* (Iowa) 35 N. W. 922. See, also, *State* v. *Duggan,* (R. I.) 6 Atl. 787; *State* v. *Huff,* 76 Ia. 200, 40 N. W. 720; *State* v. *Oder,* 92 Ia. 767. 61 N. W. 190; *State* v. *Salts,* 77 Ia. 193, 39 N. W. 167. 41 N. W. 620; *Elwood* v. *Price,* 75 Ia. 228, 39 N. W. 281. It is only when a druggist holding a permit departs from the authority conferred upon him by the statute, and acts without authority of law, that his place of business becomes a nuisance.

We will now consider the evidence as to the existence of the alleged nuisance. The trial court found that at the times named in the complaint the defendant kept on his said premises large quantities of intoxicating liquors, consisting of whisky, brandy, wine, lager beer, alcohol, and gin; that during such time he made numer-

ous sales to a numebr of persons who were addicted to the use of intoxicating liquors, and in the habit of becoming intoxicated frequently, and well known as habitual drunkards in the city of Langdon. To one of such persons 11 sales were made, to another 11 sales, to another 12 sales, to another 24 sales, to another 42 sales, to another 60 sales. Such sales consisted chiefly of alcohol in quantities of one-half pint. The trial court further found that the defendant sold whisky, brandy, lager beer, alcohol, and gin in amounts of half pints and pints, almost daily, to a large number of persons, for various diseases, all of whom were persons in the habit of drinking intoxicating liquors as a beverage, and who were not suffering from the diseases for which the liquors were claimed to be sold, but were all men of ordinary good health; and, further, that sales were made by defendant from day to day without administering the oath required by the statute. It is entirely apparent that such findings bring defendant's place of business under the provisions of § 7605, Rev. Codes, and make it a common nuisance under said section. The evidence upon which the findings of the trial court were based consisted of books wherein defendant recorded his daily sales of intoxicating liquors, the affidavits of the purchasers of such liquors returned to the county court by the defendant, and the oral testimony of several witnesses, showing that a number of defendant's customers were common drunkards, and that many others to whom sales were made almost daily were persons addicted to the use of intoxicating liquors as a beverage, and who were not afflicted with the diseases described in their affidavits, but were persons in ordinary good health. All of the evidence, both documentary and oral, is in the record presented to this court. A review of the same fully satisfies us that the findings of the trial court are fully sustained, and that no other findings were possible under the evidence offered. Counsel for defendant do not claim otherwise, but it is their contention that the books wherein defendant kept the record of his sales were improperly admitted in evidence, and therefore should not have been considered by the trial court, and should not be considered by this court on this review. The books in question were procured by counsel for the state from the defendant pursuant to an order of court, and were introduced in evidence, over the objection of the defendant "that the facts disclosed by said books might tend to criminate him." The objection is based upon § 13 of the state constitution, which provides that no person shall "be compelled in any criminal case to be a witness against himself," and upon the fifth amendment to the federal constitution, containing the same provision. This constitutional guaranty has been construed to protect witnesses against the compulsory production of private books and papers. *Boyd* v. *U. S.,* 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; *Counselman* v. *Hitchcock,* 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110. It is clear, however, that the protection afforded by said sections was not available to defendant upon the facts which here exist, and that the books were properly admitted. They are

not private documents, but are public documents, which the defendant was required to keep, not for his private uses, but for the benefit of the public, and for public inspection. They were kept in pursuance of § 7596, Rev. Codes, which provides that: "* * * every such druggist shall keep a book wherein shall be recorded, daily, all sales of intoxicating liquors made by him or his employes, showing the name and residence of the purchaser, the kind and the quantity of the liquors sold, the purpose for which it was sold and the date of the sale. Such record and affidavit shall be open for the inspection of the public at all reasonable times during business hours, and any person so desiring may take memoranda or copies thereof." The succeeding section makes it a misdemeanor for the druggist to fail to keep such record, or to refuse such inspection. The books in question were official registers, and were competent evidence of the facts required to be recorded therein. 1 Greenl. Ev. 496; *Kyburg* v. *Perkins,* 6 Cal. 674. In *Coleman* v. *Com.,* 25 Grat. 881, 18 Am. Rep. 711, the court said that: "Whenever a written record of the transaction of a public officer in his office is a convenient and appropriate mode of discharging the duties of his office, it is not only his right, but his duty, to keep that memorial, whether expressly required so to do or not; and when kept it becomes a public document,—a public record belonging to the office, and not the officer,—is the property of the state, and not of the citizen, and is in no sense a private memorandum." 7 Am. & Eng. Enc. Law, 75; 2 Am. & Eng. Enc. Law, 467J; *State* v. *Huff,* 76 Ia. 200, 40 N. W. 720. As particularly in point see *State* v. *Smith,* 74 Ia. 583, 38 N. W. 492 and *State* v. *Cummins,* 76 Ia. 133, 40 N. W. 124. The trial court did not err in admitting these records. The evidence afforded by such records, taken in connection with the affidavits of the purchasers and the oral testimony, show conclusively that repeated, and almost daily, sales of intoxicating liquors were made by the defendant to persons who were in the habit of becoming intoxicated. Counsel for defendant contend, however, that such sales are not unlawful, and claim that sales "by druggists to persons in the habit of becoming intoxicated do not constitute a violation of the law, in the absence of the notice prescribed by § 7616, Rev. Codes." In this counsel is in error. Section 7597, among other things, expressly prohibits the sale of intoxicating liquors to a person who is in the habit of becoming intoxicated," and affixes as a penalty for a violation thereof a fine of not less than $200 or more than $1,000, and imprisonment in the county jail not less than 90 days or more than one year, and a forfeiture of his permit. Under this section it is immaterial whether the druggist knows that the person is in the habit of becoming intoxicated. He sells at his peril as to the fact, whatever it may be. *Dudley* v. *Sautbine,* 49 Ia. 650, 31 Am. Rep. 165; *Jamison* v. *Burton,* 43 Ia. 282. As was said in *State* v. *Thompson,* (Ia.) 37 N. W. 104, he "cannot excuse himself on the ground of his

ignorance of the fact that the persons to whom he sold were minors or inebriates. He was bound to know whether they were persons to whom he could sell lawfully, and the burden was upon him to show that the sales were lawful. *State* v. *Cloughly* (Ia.) 35 N. W. 652; *Shear* v. *Green,* 73 Ia. 688, 36 N. W. 642." His duty is to discriminate and sell only in the cases not prohibited. That the effect of § 7597, standing alone, is to absolutely prohibit sales to persons who are in the habit of becoming intoxicated, is not questioned by counsel for defendant. But it is their contention that it is qualified by a later section, namely, § 7616, which reads as follows: "Whenever the father, mother, brother, sister, wife, husband or guardian or any relative of any person shall notify any druggist that such person, naming him, is in the habit of becoming intoxicated, and shall forbid said druggist from selling, bartering or giving to such person any intoxicating liquors, it shall be unlawful for any such druggist, after such notice, to let such person have any intoxicating liquors upon any terms or conditions whatever. Any druggist who shall violate the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than one hundred nor more than five hundred dollars, and shall be imprisoned in the county jail not less than thirty days nor more than six months." It is urged that this section makes notice to the druggist necessary in every case to render sales to persons in the habit of becoming intoxicated unlawful sales, and that, in the absence of such notice, such sales are lawful. This construction cannot be sustained. Section 7616 is complete in itself, and defines an independent violation of law, entirely separate and distinct from that described in §7597. Section 7597 makes it a crime to sell to a person "who is in the habit of becoming intoxicated," and the crime under said section consists in selling to a person who in fact has such habit. The later section, namely, 7616, makes it a crime to sell to a person whose relatives have served the, statutory notice. Under the latter section the crime is committed by selling after receiving the statutory notice, and does not depend upon whether the person to whom the sale is made is in fact in the habit of becoming intoxicated. The plain purpose of this section is to place in the hands of all persons the power to prevent sales of intoxicating liquors to those bearing the relationship to them described in the statute. Under § 7616 the crime is committed by selling after receiving the statutory notice, regardless of whether the person to whom the sale is made is in fact in the habit of becoming intoxicated. Under § 7597 the crime is only committed when a sale is made to a person who has such habit, and no notice is necessary to make such sale unlawful.

Counsel for defendant, both in the brief and oral argument, attack the constitutionality of certain provisions of § 7605 which relate to the seizure of intoxicating liquors under the search warrant authorized to be issued by said section, and which determine the legal

effect to be given to the liquors so seized. These questions are not properly before us, and need not be discussed. No search warrant was issued in this case, no liquors seized, and none offered in evidence; so that defendant is in no way affected by the provisions which he challenges. As was said by this court in *State* v. *McNulty,* 7 N. D. 169, 73 N. W. 87, "it is a well established and wholesome rule of law that no one can take advantage of the unconstitutionality of any provision who has no interest in and is not affected by it." *State* v. *Becker,* 3 S. D. 29, 51 N. W. 1018; *Stickrod* v. *Com.* (Ky.) 5 S. W. 580; *State* v. *Snow,* 3 R. I. 64; *Sinclair* v. *Jackson,* 8 Cow. 580. The evidence, as we have seen establishes the existence of the nuisance complained of, and the state is entitled to have the same abated. The District Court is accordingly directed to reverse its judgment, and enter a judgment in favor of the plaintiff for the relief demanded in the complaint. All concur.