## PEOPLE *v.* ROBINSON.

1. Intoxicating Liquors — Local Option Law — Druggists — Sworn Statements — Constitutional Law — Voluntary Admissions.

   Act No. 183, Pub. Acts 1899, § 25, requiring druggists, in counties adopting prohibition, to file sworn statements of liquors sold, is not in conflict with the 14th amendment to the Constitution of the United States; and, in a prosecution for violating the provisions of the act, such statements voluntarily filed are competent as voluntary admissions, irrespective of the question whether respondent could have been compelled to file them, in view of article 6, § 32, of the Michigan Constitution, providing that no person shall be compelled in a criminal case to be a witness against himself.

2. Trial — Witnesses — Examination.

   On redirect examination, it is competent to interrogate a witness as to new matter drawn out on cross-examination.

3. Intoxicating Liquors — Local Option Law — Illegal Sales — Instructions.

   A requested charge, in a prosecution under the local option law, that proof of any number of single illegal sales, or even a series of sales, covering the time alleged in the information, would not establish the keeping of a place where liquors were

sold, but that each of such illegal sales would constitute a violation of the law, and a distinct offense, with each of which respondent should be charged, was properly refused.

4. Same—Druggists—Representations of Purchaser.

A druggist has no right to rely absolutely upon the statement of a purchaser of liquor as to the purpose for which it is desired, where the attendant circumstances are such as would lead a reasonable man to another conclusion.

Exceptions before judgment from Eaton; Smith, J. Submitted November 19, 1903. (Docket No. 2.) Decided January 26, 1904.

Samuel Robinson was convicted of violating the local option law. Affirmed.

*Garry C. Fox* and *Frank A. Dean*, for appellant.

*Lewis J. Dann*, Prosecuting Attorney (*George Huggett*, of counsel), for the people.

HOOKER, J. The defendant was convicted of violating the law prohibiting the sale of spirituous and intoxicating liquor, known as the "Local Option Law," which is in force in his county, and the case is before us on exceptions before sentence. The warrant contains two counts or charges,—one that the defendant unlawfully sold spirituous and intoxicating liquors, viz., three bottles of beer, to one Watson, on an occasion named; the other that on the 30th of August, 1902, and for a period of 50 days next preceding that date, he kept a place where such liquors were sold, not so keeping, etc., as a druggist or registered pharmacist, under and in compliance with the restrictions imposed by law. Upon the examination the justice found that both offenses had been committed, and required him to recognize for his appearance at circuit, which he did. The information followed the warrant in form and substance, and, upon the denial of a motion to quash, the prosecutor was required to elect between the counts, and the defendant was tried upon the charge of keeping, etc.

The prosecutor produced testimony tending to show that, prior to the time when the local option law became operative, the defendant was for a period engaged in the business of keeping a saloon; that, immediately upon the taking effect of such law, he purchased an alleged stock of drugs for $100, and kept them thereafter in a front room in his place of business, a room about 20 feet deep. Back of this room was another, access to which was had through swinging doors, and in this room he kept liquors and beer. We do not notice any evidence that his alleged drug business was in charge of a registered pharmacist, and it is inferable that he was in no proper sense a druggist. There was evidence of frequent sales of beer and spirituous liquors, and that on several occasions a number of persons were there at once buying beer. He kept a list of some or all who bought beer and liquor, and there is evidence showing that, while some of his customers were not allowed to drink in the store, he furnished a cup or cups for use in a shed in the rear of the store, said cups to be returned to him, and that there was frequent drinking in the alley in the rear of the store. Lists of sales, sworn to by defendant, and filed with the prosecuting attorney, under the statute, were introduced in evidence, and witnesses were permitted to testify that some of the persons whose names appeared upon said lists were notoriously in the habit of becoming intoxicated, and defendant admitted that he knew some, if not all, of them, and had directed his clerk not to sell liquor to them.

Counsel contend that section 25, Act No. 183, Pub. Acts 1899, requiring druggists in local option counties to file with the prosecuting attorney a sworn report of liquors sold, is in violation of the 14th amendment of the Constitution of the United States, because it creates a discrimination between druggists doing business in such counties and others residing in other counties where prohibition has not been adopted. The cases cited by counsel for the people seem to sustain the act. See *Missouri* v. *Lewis*, 101 U. S. 22; *Chappell Chemical & Fertilizer Co.* v. *Sulphur*

135 MICH.—33.

*Mines Co.*, 172 U. S. 474 (19 Sup. Ct. 268); *Magoun v. Savings Bank*, 170 U. S. 293 (18 Sup. Ct. 594).

To the claim that the statute is void because in violation of article 6, § 32, of the Michigan Constitution, the recent case of *People v. Henwood*, 123 Mich. 317 (82 N. W. 70), is an answer. Counsel ask us to review and overrule this decision, contending that these reports were not admissible, by reason of the constitutional provision mentioned, viz. : " No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law." Whether the defendant could have been compelled to file reports of sales, or lawfully convicted if he failed to do so, we need not inquire. He did file them, and they are competent as voluntary admissions. See *State v. Smith*, 74 Iowa, 580 (38 N. W. 492); *State v. Huff*, 76 Iowa, 200 (40 N. W. 720); *State v. Donovan*, 10 N. Dak. 203 (86 N. W. 709); *People v. Lauder*, 82 Mich. 120 (46 N. W. 956).

We think there was evidence as to the identity of the parties named in his reports and those of the same name shown to be habitual drunkards, aside from the identity of name, which is presumptive evidence of identity.

A witness called by the people testified on cross-examination that he had bought liquor of respondent for medicinal purposes, had seen his name registered, and had never seen anything out of character at respondent's store. On redirect he was asked " what difficulty he bought medicine for," and stated that he could not tell, and that it was well known that he took daily drinks. On his direct he was asked questions relating to the administering the oath to respondent when he verified the reports. The redirect examination complained of was in response to new matter drawn out on the cross-examination, and was competent.

Counsel contended that proof of any number of single illegal sales, or even a series of such sales, covering the time alleged, would not establish the keeping of a place,

·etc., and requested the judge to so charge the jury.    This was properly refused.

We think the eleventh request was too broad, and was properly refused.

A juror asked:

" Supposing they told him this was for medicine, would he have the right to sell them ?    Could he take their word for it ?

" *The Court:* He has a right to rely on what they say if there is nothing in the circumstances of the case or surroundings or the situation that leads him to believe they are falsifying about it.    If he, acting in good faith, sold it as a medicine, believing he was selling it as a medicine, he has a right to rely on it; but if there is anything connected with the sale or the situation, with the surrounding circumstances attending it, that would lead a reasonable man to come to some other conclusion they were not buying it for that, he has no right to rely on it.    He can only rely on that if he sells in good faith, believing it to be so, without any circumstances surrounding it to tell him ·different."

This answer, construed in the light of the charge, was unobjectionable.

Some other points are made, but require no discussion.

The conviction is affirmed.

The other Justices concurred.