THE STATE OF KANSAS v. E. C. DAVIS.

PROHIBITORY LIQUOR LAW—*Pharmacist, may be Enjoined.* A pharmacist having a permit to sell intoxicating liquors for medical purposes, but who sells the same without requiring the applicant therefor to make the affidavit required by the statute, may be enjoined under ¶ 2533 of the General Statutes of 1889. It is error, therefore, to sustain a demurrer to a petition alleging such sales, the petition otherwise being sufficient.

*Error from Leavenworth District Court.*

INJUNCTION, by *The State* against *E. C. Davis,* a druggist of the city of Leavenworth. The material facts are stated in the opinion.

*L. B. Kellogg,* attorney general, and *W. W. Black,* for plaintiff in error.

*Wm. Dill,* for defendant in error.

Opinion by STRANG, C.: This is an action of injunction, commenced in the district court of Leavenworth county, January 14, 1890, wherein the state alleges that the defendant E. C. Davis is a druggist, having a permit to sell intoxicating liquors for medical purposes; and that in the city of Leavenworth, in a building situated on lot 16 in block 49, he was, and for six months had been, selling liquor for medical purposes, without requiring the purchaser of said liquor to make the affidavit required by law as a condition precedent to such sales, and without requiring the purchasers of such intoxicating liquors to sign the affidavits required by law, with ink.  The petition asked that the place where such liquors were alleged to be kept for sale be adjudged a nuisance, and that an order issue directing the proper officer to shut up and abate the same; and second, that the defendant be perpetually enjoined from using or permitting said premises to be used as a place where intoxicating liquors are sold, bartered, or given away, or kept for sale, barter, or gift, except as provided by law. To the petition a demurrer was filed, which was by the court sustained.   An amended petition was thereupon filed, to which a general demurrer was also filed, and sustained by the court. The case comes here on the exception to the ruling of the court upon said second demurrer; and the question presented to this court is, does the petition state facts sufficient to authorize and require injunction under § 13 of the prohibitory law?  Section 4 of the law of 1881 as amended subsequently, being ¶ 2524 of the General Statutes of 1889, among other things provides as follows:

"Any druggist having a permit to sell intoxicating liquors under the provisions of this act may sell the same only by himself in person or by a clerk who is a registered pharmacist or assistant pharmacist under the laws of this state, for medical purposes only, upon the printed or written affidavit of the applicant setting forth the particular medical purpose for which such liquor is required, the kind and quantity desired; that it is necessary and actually needed for the particular purpose by the patient to be named; and that it is not intended for a

beverage, nor to sell or give away; and that the applicant is over twenty-one years of age, which affidavit shall be in the following form, and subscribed by the applicant, in ink."

It will be seen that this section provides that before any druggist is authorized to sell intoxicating liquor for any purpose, he must not only have a permit to sell, but certain other conditions precedent must exist. He must be a registered pharmacist; must sell only for certain purposes — for medical, mechanical or scientific purposes. For medical purposes he can only sell to an applicant who has made an application either printed or in writing, which application shall be in form of an affidavit, signed by the applicant in ink, and sworn to by him before the pharmacist to whom the application for said liquor is made. The same section provides that no application for liquor shall be received by the pharmacist unless it shows upon its face that it has been *properly subscribed* and sworn to by the applicant.

Paragraph 2529 provides that a pharmacist may not sell intoxicating liquor upon *any* affidavit *other* than those in the law required. These are positive requirements of the statute, and any person selling in the absence of these positive conditions precedent is declared to be guilty of a misdemeanor and punishable by fine and imprisonment.

Paragraph 2533 provides that all places where intoxicating liquors are sold in violation of any of the provisions of this act shall be declared to be common nuisances, and shall, upon the judgment of a court having jurisdiction, be shut up and abated. Said paragraph also provides that the said nuisance may be perpetually enjoined.

It is admitted on the part of the defense in this case, that the sales charged to have been made by the defendant were made in violation of two of the positive requirements of the statute above pointed out. But it is argued that the acts complained of are rather irregularities than substantial violations of the law, and that while the defendant is technically liable therefor in a criminal prosecution, he may not be enjoined under ¶ 2533. It is argued that the object of the law is to

prevent the sale of liquor as a beverage, and that it is only those places where liquor is sold as a beverage that may be declared nuisances and abated or enjoined. We agree that the object of the law is to prevent the sale and use of intoxicating liquor as a beverage. We also think that the very object of the provisions of the statute in forbidding the pharmacist who is permitted to sell for medical purposes from so selling until the applicant for the liquor has subscribed with ink and sworn to an affidavit properly filled out under the statute, is to prevent the sale and use of such liquor as a beverage. The pharmacist is bound to know all the provisions of the law. If the applicant honestly wants intoxicating liquor for medical use, he will not hesitate to make the necessary affidavit required by the law. But he may well hesitate about making such affidavit when he wants the liquor for use as a beverage, because the statute declares that if he makes a false affidavit he shall be guilty of perjury. It is the fear of prosecution for perjury that causes the shuffling in connection with the making of the affidavit, and which results in incomplete affidavits such as were made in this case. The whole force and effect of the law may rest upon this affidavit; for if it may be evaded, as in this case, by simply signing it with a pencil and not swearing to it, then any person, by simply saying in writing that he wants a certain quantity of liquor, and that he wants it for medical purposes, can get it; and it is well suggested in the state's brief, that if that could be done, it would become very fashionable to drink for medical purposes. We think all the provisions of the statute relating to the affidavit required of the applicant before a sale of intoxicating liquor can be made to him, are material and vital parts of a law to prevent the sale and use of intoxicating liquor as a beverage, and that sales by a pharmacist without having observed them subjects the said pharmacist to punishment by fine and imprisonment, and renders his place of business subject to the provisions of ¶ 2533.

It is said that his place of business may not be declared a nuisance and shut up and abated, because he has a right under

the law to sell for medical purposes, and that he should be allowed to continue the sale for such purposes. A sufficient answer to that position is, that he has no right to sell for medical purposes unless he sells for medical purposes according to law, and that if he does sell according to law his business will not become a nuisance, and will not be in any danger of abatement.

It is recommended that the judgment of the district court be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concurring.