THE STATE OF KANSAS V. C. A. GREGORY.

No. 14,925.   (87 Pac. 370.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Sale for Medical Purposes—Applicant's Affidavit Must be Signed in Ink.* The provisions of section 1 of chapter 339 of the Laws of 1903 requiring druggists having a permit to sell intoxicating liquor to do so only upon an affidavit made by the applicant and subscribed by him in ink are mandatory, and a sale of intoxicating liquor made for medical purposes without complying with these provisions is a criminal offense.

2. INSTRUCTIONS—*Error Cured by Other Instructions.* An erroneous instruction may be rendered harmless by other instruc-

tions given, and, when such condition exists, the judgment of the trial court will not be reversed on account of such error.

3. INFORMATION—*Misdemeanor*—*Allegation and Proof of Criminal Intent.* When an information charging a defendant with a misdemeanor alleges that the act which constitutes the offense was done knowingly and wilfully, no other or further criminal intent need be alleged or proved.

Appeal from Morris district court; OSCAR L. MOORE, judge. Opinion filed October 6, 1906. Affirmed.

### STATEMENT.

THE defendant is a druggist and pharmacist. He held a permit to sell intoxicating liquor under the prohibitory law in Morris county. On the 18th day of April, 1906, he was convicted in the district court of selling liquor for medical purposes without requiring the applicant to make the affidavit provided by law and without the name of the applicant being subscribed thereto in ink. The information was drawn under section 1 of chapter 339 of the Laws of 1903, the material parts of which so far as this case is concerned read:

"Any druggist having a permit to sell intoxicating liquors under the provisions of this act may sell the same only by himself in person, or by a clerk who is a registered pharmacist or assistant pharmacist under the laws of this state, for medical purposes only, upon the printed or written affidavit of the applicant, setting forth the particular medical purpose for which such liquor is required, the kind and quantity desired; that it is necessary and actually needed for the particular purpose by the patient to be named; and that it is not intended for a beverage, nor to sell nor give away; and that the applicant is over twenty-one years of age; which affidavit shall be in the following form, and subscribed by the applicant, in ink."

The information contained five counts, one of which was withdrawn. The first count, after the formal and introductory parts, reads:

"C. A. Gregory, being then and there a pharmacist and druggist, and having a permit to sell intoxicating

liquors for medical, mechanical and scientific purposes, in Morris county, state of Kansas, did, on or about the 15th day of May, A. D. 1905, at the county of Morris and state of Kansas, unlawfully, knowingly and wilfully sell and barter intoxicating liquors to one R. A. Henderson, for medical purposes, without requiring the purchaser of said liquor to make the affidavit required by law as a condition precedent to such sale, and without requiring said purchaser of said intoxicating liquors to sign the affidavit required by law, in ink, contrary to the statutes in such case made and provided and against the peace and dignity of the state of Kansas."

The charging part of each of the other counts was in the same language, except where the applicant was a different person. The defendant moved to quash each count of the information, for the reason that it did not state a public offense, was indefinite, uncertain, and failed to inform the defendant of the nature of the charge against him. This motion was denied. A motion to make each count more definite and certain was also denied.

The objections made to the information were more specifically presented on the trial as the evidence was being introduced, when it was urged that the averment of the information concerning the defendant's failure to take the affidavit of the applicant stated a conclusion and not a fact, and did not sufficiently apprise the defendant of the facts which he would be compelled to answer. It was also contended that the statute requiring druggists to sell only upon an affidavit of the applicant, signed in ink, is directory merely, and noncompliance therewith not a crime. It appears from the evidence that when the purchaser made application for the liquor the druggist filled up the blanks in a printed statement, which was in proper form, and the applicant then signed such statement with a lead pencil, and received the liquor without the administration of an oath, made with the uplifted hand or otherwise.

The defendant requested the court to give the fol-

lowing instruction to the jury, which was refused: "You are further instructed that to constitute a criminal offense a criminal intent is necessary in this class of cases." The court, however, gave instructions to the jury which read:

"To the charge in the several counts of the information the defendant has entered his plea of not guilty. This casts the burden of proof upon the state to establish by a preponderance of the evidence each of the material allegations of each count of the information before you can find the defendant guilty under such count."

"In order to convict the defendant under the first count of the information, the jury must be satisfied from the evidence beyond all reasonable doubt:

"First, that on or about the 15th day of May, A. D. 1905, and within the county of Morris and state of Kansas, the defendant, C. A. Gregory, was then and there a pharmacist and druggist, and as such pharmacist and druggist had a permit from the probate court of Morris county to sell intoxicating liquors for medical, mechanical and scientific purposes.

"Second, that on or about the 15th day of May, and within this county, and within two years prior to the filing of the information in this case, and while so being a druggist and having a permit as aforesaid, the said defendant, C. A. Gregory, unlawfully, knowingly and wilfully sold and bartered intoxicating liquors to one R. A. Henderson, for medical purposes, without requiring the purchaser of said liquor to make the affidavit required by law as a condition precedent to such sale, and without requiring the said purchaser of said intoxicating liquors to sign the affidavit required by law, in ink, as provided by the statute above quoted to you.

"These are the essential ingredients of the offense charged in the first count of the information, and if the state has proven to your satisfaction beyond a reasonable doubt each of the ingredients above named, then it would be your duty to find the defendant guilty under the first count of the information."

The same instructions were repeated as to each count.

*C. C. Coleman,* attorney-general, *W. J. Pirtle,* county attorney, for The State; *M. B. Nicholson,* of counsel.

*John Maloy, Loomis, Blair & Scandrett,* and *Roark & Roark,* for appellant.

The opinion of the court was delivered by

GRAVES, J.: We do not think the information fatally defective. The averment therein concerning the affidavit is equivalent to a statement that no affidavit whatever was made by the applicant. This is sufficient. The whole embraces all the parts.

The contention that the statute requiring the applicant to make an affidavit and sign his name thereto in ink is merely directory has already been denied by this court in the case of *The State v. Davis,* 44 Kan. 60, 24 Pac. 73. In that case Commissioner Strang said:

"We also think that the very object of the provisions of the statute in forbidding the pharmacist who is permitted to sell for medical purposes from so selling until the applicant for the liquor has subscribed with ink and sworn to an affidavit properly filled out under the statute is to prevent the sale and use of such liquor as a beverage. The pharmacist is bound to know all the provisions of the law. If the applicant honestly wants intoxicating liquor for medical use, he will not hesitate to make the necessary affidavit required by the law. But he may well hesitate about making such affidavit when he wants the liquor for use as a beverage, because the statute declares that if he makes a false affidavit he shall be guilty of perjury. It is the fear of prosecution for perjury that causes the shuffling in connection with the making of the affidavit, and which results in incomplete affidavits such as were made in this case. The whole force and effect of the law may rest upon this affidavit; for if it may be evaded, as in this case, by simply signing it with a pencil and not swearing to it, then any person, by simply saying in writing that he wants a certain quantity of liquor, and that he wants it for medical purposes, can get it; and it is well suggested in the state's brief that if that could be done it would become very fashionable to drink for medical purposes. We think all the provisions of the statute

relating to the affidavit required of the applicant before a sale of intoxicating liquor can be made to him are material and vital parts of a law to prevent the sale and use of intoxicating liquor as a beverage, and that sales by a pharmacist without having observed them subjects the said pharmacist to punishment by fine and imprisonment." (Page 63.)

The evident object of these requirements of the statute furnish an unmistakable guide for its interpretation. Manifestly it was intended that an oath with all its solemnities and formalities should be administered to every applicant as a check upon sales of liquor to persons desiring to use it as a beverage. The law provides that these applications shall be filed in the office of the probate judge, where they are open to public inspection and examination. They might become useful as evidence in prosecutions for violations of the law. It is important, therefore, that the name of the purchaser should not be open to erasure or change on account of use in examination, lapse of time, or otherwise. The provision that the name shall be signed in ink subserves this purpose.

The instruction given wherein the expression "preponderance of the evidence" occurs was of course erroneous, but the court took up separately each count of the information submitted to the jury, and stated fully and clearly all the elements of the offenses charged therein, and that each and all of such elements must be established beyond all reasonable doubt before the defendant could be convicted. This rendered the expression complained of harmless.

The instruction requested by the defendant as to the necessity of a criminal intent was sufficiently covered by the instruction given by the court that the act of the defendant must have been done knowingly and wilfully before he could be convicted. We do not decide that it would have been error if these words had been omitted from the charge, but, since they were used, the defendant has no reason to complain.

These are the principal questions presented by the defendant. Some others are suggested, but they are unimportant, and we think it unnecessary to discuss them. We are unable to find any error in the record. The judgment is affirmed.

All the Justices concurring.